No. 82-45

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

GORDON HEBER NICHOLLS,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Lake
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Richard P. Heinz, County Attorney, Polson, Montana

For Respondent:

Terry Wallace, Missoula, Montana

---

Submitted on briefs: May 27, 1982

Decided: September 2, 1982

Filed SEP -2 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The State appeals from a judgment of dismissal of a misdemeanor assault charge against defendant Gordon Heber Nicholls, entered in the District Court, Fourth Judicial District, County of Lake.

Nicholls had been charged in a complaint filed in the justice court with misdemeanor assault in that on September 25, 1980, Nicholls had purposely or knowingly caused bodily injury to Tim Thornton by setting a German shepherd dog to attack him and then by Nicholls striking Tim Thornton in the face with his fist.

Nicholls was found guilty after a nonjury trial before the justice of the peace and he appealed the justice court conviction to the District Court in Lake County.

The matter came on for trial before the District Court, sitting without a jury. The State presented evidence through Tim Thornton and others, that defendant Nicholls and other members of his family had caused a German shepherd dog to attack and bite Thornton, and that defendant Nicholls also struck him with his fist. There was evidence of bodily injury to Thornton. The defense introduced evidence from defendant Nicholls and others that Thornton had to come upon the Nicholls property in spite of "No Trespassing" and "Beware of the Dog" signs posted on the fence over which he had gone, and a denial that the defendant Nicholls had set the dog upon Thornton, or that Nicholls had struck Thornton.

At the close of all the evidence, the following statement by the court and colloquy with counsel occurred:

"THE COURT: . . .

"All right, now so far as the acts of the dog, the complaint, I mean, there has been no proof that

-2-

would tie the defendant of any assault pursuant to any acts taken by this dog. No showing of any control or intent or whatever by either testimony. As far as I'm concerned, it's not persuasive one way or the other whether wounds were received. I believe Mr. Nicholls punched Mr. Thornton. I find that to be the case. I find that the dog knocked him down and that he and Mr. Nicholls, that is, Mr. Thornton and the Defendant were close enough so that Mr. Nicholls could have hit him and Mr. Nicholls did hit him. That's what I believe from assessing the credibility of each individual. The rest of it is all irrelevant. The only real issue left which is a legal issue is whether there was justification. Considering that there was, Mr. Thornton was in a state of trespass, had no business being there, totally wrongfully on the property.

"I would like briefs, if people want to file briefs. Otherwise, I'll conduct the research myself. If I conclude that I have to find Mr. Nicholls guilty, I'll fine him whatever is fined in the lower court. Do you want some time to file briefs?

"MR. WALLACE: Sure.

"MR. WOLF: Yes, Your Honor.

"THE COURT: Ten days each?

"MR. WALLACE: I need more time.

"THE COURT: Twenty days.

"MR. WALLACE: Yes. He can file the first one.

"THE COURT: Ten days, ten days to reply and then you can respond to Mr. Wallace. The only issue I want discussed is justification. Assuming the facts that I have found to be true are true."

In case the foregoing is confusing to the reader, the parties are in agreement that the court extended 10 days to the State to file its brief, 10 days to the defendant to respond to the brief, and 10 days thereafter to the State to reply to the defendant's brief.

The conversation above reported occurred on October 30, 1980. The State did not file its brief. Instead, on November 18, 1981, the deputy county attorney wrote to the presiding judge at his address in Missoula. In the letter, the deputy county attorney stated that it was the duty of the defendant

-3-

to give notice of "self-defense as an affirmative defense within 10 days of his plea of guilty"; and that under the circumstances, it would be more appropriate for the defendant first to submit a brief raising the issue and then to allow the State to respond to the defendant's brief rather than the opposite.

On November 19, defendant moved to dismiss the action against Nicholls upon the ground that the State had failed to file a brief as ordered, that no extension of time to file a brief was requested during the 10 day period, and that the State's failure to file a brief could only be construed as an admission that the State's position was without merit, and that the defendant was justified in striking Tim Thornton. At the bottom of the motion is an order of the court, dated November 23, 1981, and filed November 27, 1981, in which the District Court said:

> "On motion of defendant, and good cause appearing therefore, the finding of this court made on October 30, 1981, that defendant struck Tim Thornton is vacated and the charge against the defendant is dismissed. The State is further ordered to exonerate all bond paid by the defendant in this matter."

On December 1, 1981, the Lake County deputy attorney moved the District Court to vacate its order of November 23, 1981, on the ground that the court on its own motion, undertook to consider justifiable use of force; that although the State did not file a brief with respect to justification, it was improper for the court to vacate its prior finding of fact in dismissing the case and; that because the defendant also failed to file a brief, the matter should be left to the discretion of the court for its own research and analysis of the issue raised. The State further objected to the raising of the issue of justifiable use of force by the court sua sponte.

-4-

On January 6, 1982, the court refused to vacate its earlier order.

The State appeals from the judgment of dismissal and from the denial of its post-trial motion.

The issues presented for review are:

1. Whether the District Court should have raised the issue of justifiable use of force <u>sua</u> <u>sponte</u>?

2. Whether the District Court erred in vacating a finding of fact made upon the record?

3. Whether the District Court erred in dismissing the case upon the State's failure to file a "voluntary" brief when the defendant did not also file a brief to which the State was allowed to respond?

The State's contentions on the first issue centers around the fact that our statutes provide, section 46-15-301(2), MCA, that ". . . the defendant shall furnish to the prosecution and file with the clerk of the court at the time of entering his plea of not guilty or within 10 days thereafter . . . (a) a statement of intention to interpose the defense of justifiable use of force . . . (b) . . . the names and addresses of all witnesses other than defendant to be called by the defense in support thereof . . ."

The State contends that because the defendant did not raise justifiable force as an affirmative defense, or give notice thereof, pursuant to section 46-15-301(2), MCA, that it was improper for the court to raise it <u>sua</u> <u>sponte</u> at the close of evidence in the case.

In this case the District Court was in a dilemma at the close of the evidence. It found that Nicholls could have hit ". . . and did hit" Thornton. It also found that Thornton at the time had no business being on the property

and was "totally wrongfully on the property." It saw that the only real issue left was whether there was justification as an issue of law.

When a jury trial is waived in a criminal proceedings in Montana, the court must decide questions of law and fact. Section 46-16-103(2), MCA. When the trial is by jury, the District Court must still decide all questions of law. Section 46-16-103(2), supra. The power and duty vested in the District Court to decide questions of law necessarily includes the power to determine what the questions of law are. Here the District Court determined that a question of law existed which it would have to decide in deciding the guilt or innocence of defendant.

The State underestimates the power and function of the District Court in raising the first issue. Of course the court has the power to raise the question of an affirmative defense when the evidence in a cause justifies it, even though counsel may not have followed procedural methods to bring the affirmative defense to issue. The District Court is not an automaton in its judicial function, mechanically responding to encoded instructions fed to it by the counsel before it. In criminal cases, the court has a duty to the State to protect the law, to define it, to enforce it, and to punish the guilty. The District Court's duty is also to extend to a defendant in criminal proceedings the full constitutional protections of due process, equal protection, and the presumption of innocence. The court should never indulge in or permit gamesmanship based on technicalities, which in the end may result in injustice to the State or to a defendant.

An affirmative defense is one that admits the doing of the act charged, but seeks to justify, excuse or mitigate it. 21 Am.Jur.2d 338, § 183, Criminal Law. One may not assume from the statute requiring a defendant to give notice of an affirmative defense that the District Court may not raise such a defense sua sponte in a proper case. Section 46-15-301(2), supra, provides for a statement of intention to interpose the defense of justifiable use of force "for the purpose of notice only and to prevent surprise." The whole purpose of section 46-15-301, requiring such notice from the State and from a defendant is to provide for the discovery of witnesses, and to place both parties on an equal footing with respect to the proof necessary in the trial of a cause. The State never claimed here that it was prejudiced as to the production of additional evidence or witnesses because the court had raised the issue of justification.

As an example of the power of the court to act sua sponte, we can look to the provision on witnesses. Section 46-16-201, MCA, makes the civil rules of evidence applicable to criminal proceedings. Rule 614(a), M.R.Evid. provides that the court may on its motion call witnesses to testify before it. There is little difference between the power of a court to call witnesses not produced by counsel and the power of the District Court to raise issues of law or fact not raised by counsel.

We determine therefore that the District Court did not act improperly in raising sua sponte the issue of justification in this case.

The State's second issue is that the District Court erred in vacating the finding of fact made upon the record.

No Montana statute requires a District Court to make findings of fact in a nonjury criminal trial. There is a

-7-

provision for the District Court to make findings of fact in post-conviction proceedings, section 46-21-202(2), MCA, but not otherwise in criminal proceedings. At the close of all the evidence in the jury trial, the court may on its own motion dismiss the action and discharge the defendant where the evidence is insufficient, but the court is not required to make findings of fact to support the dismissal. Section 46-16-403, MCA.

Here the District Court made not a written finding, but an oral statement that Nicholls could have and did hit Thornton. Nothing in the record indicates that the District Court intended that to be its final conclusion. In ordering briefs, the District Court asked for justification to be discussed, "assuming the facts that I've found to be true are true." The court had not completed its factfinding function and would not have completed it until eventually it made the ultimate determination as to whether the plaintiff was guilty or innocent. No findings of fact or conclusions of law had actually been filed in the cause. In truth, the District Court was still in the process of its judicial determination both of the facts and the law. In Marias River Syndicate v. Big West Oil Company (1934), 98 Mont. 254, 267, 268, 38 P.2d 599, 603, this Court said:

> "At no time prior to the hearing of this motion had any findings of fact and conclusions of law been filed. They, when filed, are the foundation for the judgment. (Citing a case.) Where findings have been prepared and filed and are incomplete, defective, or unresponsive to the issues, it is still open to counsel to move their amendment or correction in either or all respects, and until the findings have been filed, and amended or corrected, the case is still in the process of judicial determination and not ripe for the entry of judgment, and until that status is attained, where all that remains to be done is the entry of judgment in conformity to findings of fact and conclusions of law made and

-8-

filed, a party is not entitled to demand a judgment as a matter of right. . ."

There was no reason therefore, why the District Court could not vacate its oral statement on a tentative finding of fact in this case.

The third issue is that the court erred in dismissing the case without reaching a verdict of not guilty, based upon the failure of the State to file a voluntary brief. Although the State's letter to the District Court respecting briefs had indicated that the deputy county attorney had been ill and out of the office for 2 days, the clear import of the letter to the District Court is an indication that a brief would not be filed by the State, that the court should not have raised the issue sua sponte, and that if briefs were required, the defendant should file the first brief.

The course and conduct of trial proceedings is peculiarly within the province of the District Court to determine, and not for counsel to decide. We fail to see how the State in this cause could have been prejudiced if the brief requested by the court from the State had been submitted to it. Even after the court entered its order of dismissal on the motion for reconsideration, no brief on this issue or any other issue was presented by the State. The cause was at the stage where the District Court felt forced to dismiss because of lack of prosecution by the State. We see no error under the circumstances in this cause.

Affirmed.

John C. Sheehy
Justice

-9-

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices