No. 03-436

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 45

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CHERI LARKIN MAY,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. ADC 02-280
                     Honorable Thomas M. McKittrick, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Wendy Holton, Attorney at Law, Helena, Montana

        For Respondents:

                Honorable Mike McGrath, Attorney General; Robert Stutz,
                Assistant Attorney General, Helena, Montana

                Brant Light, Cascade County Attorney; Marty Judnich,
                Deputy County Attorney, Great Falls, Montana


                       Submitted on Briefs: January 6, 2004

                              Decided: March 2, 2004


Filed:

                          _____
                                    Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1    Reserving her right to appeal issues relating to suppression of evidence, Cheri Larkin May pled guilty to driving under the influence of alcohol (DUI) and violating probationary driver's license restrictions in the Eighth Judicial District Court, Cascade County. The District Court entered judgment and May appeals. We reverse and remand.

¶2    The dispositive issue is whether the District Court erred when it denied May's motion to suppress evidence and statements obtained as a result of an illegal arrest.

BACKGROUND

¶3    At 10:30 p.m. on February 19, 2002, May drove a 1997 Ford Thunderbird into the parking lot of the Visitors Control Center (visitors center) at Malmstrom Air Force Base (Malmstrom) near Great Falls, Montana. She parked the car, got out and went into the visitors center, where airmen working as security and law enforcement officers process civilian requests to enter the base. As part of this process--which usually takes about 10 minutes--May gave her driver's license, registration and proof of insurance to the airmen.

¶4    While May was in the visitors center, the airmen processing her request to enter the base smelled the odor of alcohol on her. Their understanding was that--because May was a civilian--they could detain, but not arrest, her. At 10:45 p.m., they took her to the base's "gate shack" to confer with other law enforcement airmen and then, after another 20 minutes, took her back to the visitors center to wait for a Montana Highway Patrol officer to arrive in response to their request at 10:55 p.m. that one be dispatched to Malmstrom.

2

¶5     Highway Patrol Officer Lori Gasvoda was dispatched to Malmstrom at 11:12 p.m. and arrived at the base at 11:23 p.m. Gasvoda was advised the airmen could smell alcohol on May. After she, too, smelled alcohol on May, Gasvoda administered three field sobriety tests--the horizontal gaze nystagmus test, the one-leg stand and the walk-and-turn test--which indicated May was impaired. Gasvoda then administered a preliminary breath test which showed that May's blood alcohol concentration was .220, and arrested May for DUI. She read May an implied consent form and obtained a breath sample result of .193.

¶6     May filed four pretrial motions in which she asked the District Court to suppress evidence resulting from her arrest. In the motion which is dispositive of this appeal, May argued that her detainment by the Air Force officers constituted an arrest which was illegal because it was not based on probable cause. On that basis, she moved to suppress all evidence seized--and statements she made--during and after her detainment.

¶7     The District Court held a combined hearing on May's motions, at the end of which it denied all four motions to suppress evidence. May then pled guilty, reserving the right to appeal the orders on her motions to suppress. The court sentenced May, entered judgment and stayed her sentence pending appeal. May now appeals the order denying her motions to suppress evidence.

STANDARD OF REVIEW

¶8     We review a district court's denial of a motion to suppress evidence to determine whether the court's findings of fact are clearly erroneous and whether they are correctly applied as a matter of law. *State v. Courville*, 2002 MT 330, ¶ 14, 313 Mont. 218, ¶ 14, 61

3

P.3d 749, ¶ 14 (citation omitted). Here, the District Court stated--and the parties do not dispute--that the facts are "generally agreed upon." Therefore, we review the District Court's denial of the motion to suppress to determine whether it was correct as a matter of law.

DISCUSSION

¶9    Did the District Court err when it denied May's motion to suppress evidence and statements obtained as a result of an illegal arrest?

¶10    As a threshold matter, the State contends this appeal should be dismissed because May's notice of appeal is insufficient. The State quotes Rule 4(c), M.R.App.P., as providing that a notice of appeal must designate the judgment, order or part thereof from which the appeal is taken. May's notice of appeal states she is appealing from the judgment entered against her. The State maintains it was necessary that the notice of appeal specify that May appeals from the order denying her motions to suppress evidence.

¶11    We recently amended Rule 4(c), M.R.App.P., by deleting language not relevant here. We also added language stating "[a]n appeal from a judgment draws into question all previous orders and rulings excepted or objected to and which led up to and produced the judgment." Under Rule 4(c) as amended, May's notice of appeal was clearly sufficient. In addition, Rule 2, M.R.App.P., provides that, on appeal from a judgment, we may review any intermediate order or decision of the trial court excepted or objected to and § 46-12-204(3), MCA, contemplates that an appeal from a criminal judgment after entry of a guilty plea will encompass review of adverse determinations of specified pretrial motions. Here, May's guilty plea significantly limited the issues she could raise in an appeal from the judgment;

4

however, May expressly reserved her right to appeal the court's rulings on her pretrial motions. We reject the State's claim that the notice of appeal was insufficient.

¶12 Turning to May's contentions, she argues that her detainment by the airmen constituted an arrest and the odor of alcohol which they smelled on her did not constitute probable cause to support the arrest. As a result, she contends all evidence and statements obtained as a result of her detention must be suppressed. May is correct.

¶13 May first argues her detention by the airmen constituted an arrest. In Montana, we apply a three-part test in determining whether an individual is under arrest: (1) authority to arrest; (2) assertion of that authority with intention to affect an arrest; and (3) restraint of the person arrested. *State v. Widenhofer* (1997), 286 Mont. 341, 347, 950 P.2d 1383, 1386. When there is no physical restraint, the test is whether a reasonable person, innocent of any crime, would have felt free to walk away under the circumstances. *Widenhofer*, 286 Mont. at 347, 950 P.2d at 1386 (citation omitted).

¶14 The State claims the airmen had authority under 10 U.S.C. § 809(e) to hold May while they notified--and waited for--the Montana Highway Patrol. It points out that, pursuant to the federal statute, military security forces may apprehend offenders to secure their custody until proper authorities may be notified.

¶15 This Court will not address a new legal theory advanced for the first time on appeal. *See State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, ¶ 17, 67 P.3d 207, ¶ 17 (citations omitted). In the present case, the prosecution did not raise the federal theory or authority in the District Court. For that reason, we decline to address this argument.

5

¶16 Here, as stated above, the airmen believed they lacked authority to arrest May in their capacities as law enforcement officers for Malmstrom. However, § 46-6-502, MCA, allows a private person, under certain circumstances, to arrest another and then immediately notify-- and give custody of the person to--the nearest available law enforcement agency. That, in essence, is what the airmen believed they had authority to do, and what they did. We hold that the airmen's belief that they had such authority and their assertion of authority to make a private person arrest by detaining May satisfy the first two *Widenhofer* arrest factors.

¶17 As to the third arrest factor, the State points out that the record does not suggest May sought to leave the visitors center. However, the record also supports a conclusion that, under all the facts and circumstances of May's detainment, a reasonable person would not have felt free to walk away. It is undisputed that the Malmstrom visitors center is a law enforcement facility. Indeed, Highway Patrol Officer Gasvoda testified at the District Court hearing that the woven mat at the entrance to the visitors center displays a prominent shield insignia and block lettering reading "LAW ENFORCEMENT." Further, during the time the airmen detained May, they retained possession of her driver's license, registration and proof of insurance. Without her driver's license, registration and proof of insurance, May could not legally have driven away. Under these facts and circumstances, we conclude the airmen's detention of May constituted an arrest by private citizens.

¶18 We now turn to the question of whether there was adequate cause for the airmen to detain and arrest May. Pursuant to § 46-6-502, MCA, a private person may arrest another only if there is probable cause to believe that the person being arrested is committing or has

committed an offense and the existing circumstances require the person's immediate arrest. The test applicable to a private citizen arrest is whether a reasonable person, under personally known facts and circumstances, is warranted in believing that someone is committing or has committed an offense. *State v. Williamson*, 1998 MT 199, ¶ 16, 290 Mont. 321, ¶ 16, 965 P.2d 231, ¶ 16 (citations omitted). In the present case, the offense at issue is DUI.

¶19 Here, the record indicates the airmen's sole basis for detaining May was the smell of alcohol. The airmen reported no driving behavior or other indicators that May was even intoxicated, much less driving while impaired. The State does not claim that the odor of alcohol--standing alone--constituted probable cause for May's arrest. In *State v. Olson* (1979), 180 Mont. 151, 589 P.2d 663, we held that the odor of burning marijuana, standing alone, did not establish probable cause to issue a search warrant. We hold that the odor of alcohol emanating from May's person, standing alone, was insufficient to establish probable cause for her arrest by private citizens.

¶20 Because we have concluded the prosecution did not establish probable cause for the airmen's detention of May, which constituted an arrest, we hold that her arrest was illegal. As a result, all evidence obtained as a result of the arrest must be suppressed. *See State v. New* (1996), 276 Mont. 529, 535, 917 P.2d 919, 922-23.

¶21 We reverse the District Court's denial of the motion to suppress and remand for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:


/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM REGNIER