Justice Dirk Sandefur delivered the Opinion of the Court.
***87 ¶1 Ronald Scott Parsons appeals the judgment of the Montana First Judicial District Court, Lewis and Clark County, affirming his convictions for misdemeanor negligent endangerment and reckless driving in the City of Helena Municipal Court. We address the following restated issue on appeal:
*712 Whether the Municipal Court erroneously precluded evidence, argument, and jury instruction on § 46-6-502, MCA (citizen arrest authority), as a fact defense relevant to the sufficiency of the State's proof of the elements of the offenses?
¶2 We reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On a March morning in 2016, City of Helena police were engaged in an extended high-speed chase with a fleeing motorcycle rider through residential neighborhoods, school zones, and along main thoroughfares in Helena. While northbound on Benton Avenue toward Custer Avenue in a pickup truck with a boat trailer in tow, Parsons first encountered the chase as the motorcycle and pursuing police car were oncoming southbound. Parsons observed the motorcycle traveling at a high rate of speed with the police car in hot pursuit-emergency lights and siren activated. After turning eastbound onto Custer Avenue after the chase passed by, Parsons again saw the speeding motorcycle and pursuing police car, this time rapidly approaching him from behind as he proceeded on Custer toward Montana Avenue. Seeing the fleeing motorcycle as an imminent risk to public safety and intent on stopping it to allow the pursuing police to apprehend the driver, Parsons slowed and pulled his pickup across the oncoming westbound lane, thereby fully blocking both lanes in an attempt to force the motorcycle to stop. Not intent on stopping, the motorcyclist instead tried to drive up the curb to go around the roadblock on the sidewalk.
***88 However, the motorcycle crashed on the curb, resulting in injury to the rider. The pursuing police immediately arrived, stopped, and arrested the injured motorcyclist, ultimately charging him with various offenses related to the chase. Police also later charged Parsons with misdemeanor negligent endangerment and reckless driving in violation of §§ 45-5-208(1) and 61-8-301(1), MCA.
¶4 At his subsequent jury trial, on the State's motion, the Municipal Court precluded Parsons from presenting evidence and argument that, rather than in negligent, willful, or wanton disregard for the safety of others as alleged by the State, he acted reasonably under the circumstances to assist police in apprehending the fleeing motorcyclist as authorized by § 46-6-502, MCA (citizen arrest authority). Ruling that the authority to make a citizen's arrest did not render Parsons immune from the charged offenses and that he lacked the requisite probable cause for a citizen's arrest in any event, the Municipal Court granted the State's motion in limine and further refused to instruct the jury on Parsons's authority to make a citizen's arrest. At the close of trial, the jury convicted Parsons of misdemeanor negligent endangerment and reckless driving as charged. After the District Court affirmed the Municipal Court judgment on intermediate appeal, Parsons timely appealed here.
STANDARD OF REVIEW
¶5 On appeal from a municipal court of record, district courts function as intermediate appellate courts with the scope of review "confined to review of the record and questions of law. ..." Sections 3-5-303, 3-6-110(1), MCA ; State v. Luke , 2014 MT 22, ¶ 9, 373 Mont. 398, 321 P.3d 70.[1] On appeal of a lower court judgment following intermediate appeal, we review the record independently of the district court as if appealed directly to this Court without intermediate review. State v. Maile , 2017 MT 154, ¶ 7, 388 Mont. 33, 396 P.3d 1270 ; Stanley v. Lemire , 2006 MT 304, ¶¶ 25-26, 334 Mont. 489, 148 P.3d 643. Upon our independent review, we review lower court findings of fact for clear error, conclusions of law de novo for correctness, and discretionary rulings for an abuse of discretion. City of Missoula v. Kroschel , 2018 MT 142, ¶ 8, 391 Mont. 457, 419 P.3d 1208 ; State v. Davis , 2016 MT 206, ¶¶ 5-6, 384 Mont. 388, 378 P.3d 1192. Trial courts have broad discretion in formulating jury instructions on the applicable law.
***89 State v. Kaarma , 2017 MT 24, ¶ 7, 386 Mont. 243, 390 P.3d 609. We review jury instructions as a whole for whether they fully, correctly, and fairly instruct the jury on the law applicable *713 to the facts at issue in the case. State v. Dunfee , 2005 MT 147, ¶ 20, 327 Mont. 335, 114 P.3d 217.
DISCUSSION
¶6 Whether the Municipal Court erroneously precluded evidence, argument, and jury instruction on § 46-6-502, MCA (citizen arrest authority), as a fact defense relevant to the sufficiency of the State's proof of the elements of the offenses?
¶7 Parsons asserts that his authority and intent to make a citizen's arrest were critically relevant jury considerations as to whether he acted in negligent, willful, or wanton disregard for the safety of others as alleged by the State. The State contrarily asserts that Parsons's authority and intent to make a citizen's arrest was not relevant to whether he committed the charged offenses and that he lacked sufficient cause to make a citizen's arrest in any event. We agree with Parsons.
¶8 A person commits the offense of negligent endangerment if the person "negligently engages in conduct that creates a substantial risk of death or serious bodily injury to another...." Section 45-5-208(1), MCA. As pertinent here, a person acts "negligently" if the "person consciously disregards a risk" that the person's conduct will create a substantial risk of death or serious bodily injury to another. Section 45-2-101(43), MCA. In contrast to simple negligence, "[t]he risk must be of a nature and degree that to disregard it involves a gross deviation from the standard of conduct that a reasonable person would observe" under the circumstances. Section 45-2-101(43), MCA. In this context, a "gross deviation" is "a deviation that is considerably greater than lack of ordinary care." Section 45-2-101(43), MCA.[2] As pertinent, a person commits the offense of reckless driving if the person "operates a vehicle in willful or wanton disregard for the safety of persons or property." Section 61-8-301(1)(a), MCA. As referenced in § 61-8-301(1), MCA, "willful or wanton ***90 disregard" means intentional or conscious disregard. See § 1-1-204(5), MCA ; State v. Stanko , 1998 MT 323, ¶ 65, 292 Mont. 214, 974 P.2d 1139. Except as to certain offenses not at issue here, the State must prove beyond a reasonable doubt that a criminal defendant acted with the requisite mental state as "to each element" of a charged offense. Sections 26-1-403(2), 45-2-103(1), MCA.
¶9 Against that backdrop, a "private person may arrest another when there is probable cause to believe that the [other] is committing or has committed an offense and the existing circumstances require the person's immediate arrest." Section 46-6-502(1), MCA. The arresting "private person may use reasonable force to detain the arrested person." Section 46-6-502(1), MCA (2009 Mont. Laws ch. 332, § 8 (HB 228)). Upon an arrest, the arresting citizen must "immediately notify the nearest available law enforcement agency or peace officer and give custody of the person arrested to the officer or agency." Section 46-6-502(2), MCA. In accord with the common law dating back to 1285,[3] Montana's territorial and state legislatures have continually authorized citizens' arrests since 1872. See State v. Updegraff , 2011 MT 321, ¶¶ 27-33, 363 Mont. 123, 267 P.3d 28. The manifest purpose of § 46-6-502, MCA, is to enhance public safety by authorizing a private citizen "to take another into custody" on probable cause of criminal activity and to then turn the person over to "trained law enforcement personnel" as soon as possible to trigger "the normal processes and safeguards of the criminal justice system." Updegraff , ¶¶ 33-34. When a citizen acts within prescribed statutory parameters, the citizen arrest authority is "parallel to but distinct from" the arrest authority of peace officers. Updegraff , ¶ 34 (citing 1991 Commission Comments, internal punctuation omitted).
*714 ¶10 The term "arrest" means "taking a person into custody in the manner authorized by law." Section 46-1-202(3), MCA. In the case of a citizen's arrest, "arrest" means restraining a person in accordance with § 46-6-502(1), MCA, pending immediate notification and relinquishment of the person to a law enforcement officer or agency. See §§ 46-1-202(3), 46-6-104(1), -502, MCA. See also State v. May , 2004 MT 45, ¶ 13, 320 Mont. 116, 86 P.3d 42 (elements of an "arrest" include authority to arrest; assertion of the authority with intent to arrest; and restraint of the person).
¶11 Here, the State acknowledges that Parsons "pulled his truck and trailer across Custer Avenue to aid law enforcement and stop the ***91 fleeing motorcyclist." It nonetheless asserts that the citizen's arrest statute did not apply because, rather than attempting to effect a citizen's arrest, Parsons was merely trying to set up a roadblock in accordance with § 46-5-502(1)(a), MCA (temporary law enforcement roadblocks for "apprehen[sion of] persons known to be wanted" for a violation of law). However, pursuant to its express language, § 46-5-502, MCA, is merely an affirmative grant of authorization for law enforcement roadblocks. By its terms, § 46-5-502, MCA, has no application to private citizens and thus no application here. Even by negative implication, nothing in the language of § 46-5-502, MCA, evinces any legislative intent to preclude a citizen from using a vehicle or other physical means to temporarily block a road as the mechanism of force to effect an arrest authorized by § 46-6-502(1), MCA.[4] Without limitation other than circumstantial reasonableness, § 46-6-502(1), MCA, expressly authorizes a private person attempting to effect an arrest upon probable cause to "use reasonable force to detain the arrested person." In the current absence of a narrower statutory definition, what is or is not "reasonable force" in degree or mechanism is an open-ended question of fact dependent on the unique facts and circumstances of each case.
¶12 Here, the record clearly manifests substantial, uncontradicted evidence that, upon observing a fast-approaching motorcyclist fleeing from police at high speed through town at imminent risk to public safety, Parsons attempted to stop the motorcycle by temporarily blocking the road with his vehicle until the pursuing police could arrive, stop, and arrest the rider as so obviously intended. Moreover, it is further uncontradicted and beyond material dispute on the record that, regardless of whether the police desired his assistance or would have eventually apprehended the motorcyclist on their own, Parsons's roadblock did in fact immediately stop and detain the fleeing suspect long enough for the pursuing police to stop and physically arrest him.[5] It is certainly conceivable that, with knowledge that § 46-6-502, MCA, authorizes citizens to use reasonable force to effect a citizen's arrest ***92 until police arrive, the jury could have at least found reasonable doubt as to whether Parsons acted in negligent, willful, or wanton disregard of the safety of others under the totality of the circumstances. Thus, Parsons's asserted authority and intent to make a citizen's arrest was a materially relevant factual consideration, inter alia , as to whether he acted in negligent, willful, or wanton disregard for the safety of others beyond a reasonable doubt as alleged by the State.
¶13 Even if Parsons's authority to make a citizen's arrest might otherwise be relevant, the State further asserts, as concluded by the Municipal Court, that he in any event lacked the requisite probable cause to make a citizen's arrest on the particular facts of this case. In support of this assertion, the State correctly asserts that Parsons had no idea why police were chasing the fleeing motorcycle. However, by its express language, § 46-6-502(1), MCA, does not necessarily require in every circumstance that the *715 citizen know the specific offense committed or the specifics of the offense. It merely requires that the citizen have "probable cause to believe that the person is committing or has committed an offense" and that "the existing circumstances require the person's immediate arrest." Section 46-6-502(1), MCA. Probable cause is not talismanic. It is no more than knowledge of facts and circumstances "sufficient to warrant a reasonable person to believe that another person is committing or has committed an offense." City of Missoula v. Iosefo , 2014 MT 209, ¶ 10, 376 Mont. 161, 330 P.3d 1180 ; State v. Schubert , 2010 MT 255, ¶ 18, 358 Mont. 286, 244 P.3d 748.
¶14 Here, Parsons personally observed a motorcycle fleeing at high speed from pursuing police-lights flashing, siren blaring. Those facts alone were sufficient for an objectively reasonable belief that the motorcyclist had not only committed an offense, but further, that he or she was then in the process of committing additional offenses by attempting to elude pursuing police. Probable cause is inherently a question of fact under the totality of the circumstances known. On the record here, a jury could have reasonably concluded that Parsons had probable cause to believe that the motorcyclist had committed an offense and that circumstances required his or her immediate arrest. The jury could have thus further found reasonable doubt as to whether Parsons acted in negligent, willful, or wanton disregard of the safety of others as alleged by the State or, as he asserts, reasonably under the circumstances.
¶15 In further tacit acknowledgement of the relevance of Parsons's citizen's arrest authority and intent, the State asserts that the Municipal Court did not err in any event because Parsons's conduct was clearly unreasonable under the circumstances. However, like ***93 probable cause, the question of what constitutes "reasonable force" as referenced in § 46-6-502(1), MCA, is inherently a question of fact under the totality of the circumstances. Regardless of other supportable jury views, the record reflects substantial evidence upon which a jury could have reasonably concluded that Parsons was attempting to effect a citizen's arrest of the fleeing motorcyclist using a mechanism and degree of force reasonable under the circumstances. If so, that factual consideration would have been materially relevant to whether he acted in negligent, willful, or wanton disregard for the safety of others beyond a reasonable doubt as alleged by the State.
¶16 Finally, though acknowledging that Parsons was not attempting to assert his citizen's arrest authority and intent as an affirmative defense, the State repeatedly asserts that the Municipal Court did not err in any event because the authority to make a citizen's arrest did not "immunize" Parsons from criminal liability. While we agree, that point of law does not necessarily preclude Parsons's authority and intent to make a citizen's arrest as a factual consideration relevant to the sufficiency of the State's proof of the elements of the charged offenses.
¶17 As a matter of law, proof of the elements of an affirmative defense completely negates otherwise sufficient proof of the essential elements of a charged offense. See State v. Nicholls , 200 Mont. 144, 150, 649 P.2d 1346, 1350 (1982) (defining affirmative defenses). In contrast to an affirmative defense, Parsons merely sought to present evidence and argument on his authority and intent to make a citizen's arrest as a non-affirmative fact defense, i.e., as a relevant factual consideration among others to undermine or rebut the State's proof on the elements of the charged offenses. In particular, Parsons sought to present evidence and argument supported by jury instruction that, rather than in negligent, willful, or wanton disregard of the safety of others, he acted reasonably under the circumstances within his lawful authority to make a citizen's arrest using reasonable force. With appropriate instruction that the authority to make a citizen's arrest does not necessarily preclude criminal liability but is nonetheless a factual matter the jury may consider, inter alia , in determining whether Parsons acted in negligent, willful, or wanton disregard of the safety of others beyond a reasonable doubt as alleged, the jury could have fairly assessed the sufficiency of the State's evidence as a matter of fact without prejudice to either party. Consequently, as a matter of law on *716 the record in this case, Parsons's contemplated assertion of his authority and intent to make a citizen's arrest was not an assertion of ***94 an affirmative defense or immunity from criminal liability.[6]
¶18 The Dissent correctly asserts that § 46-6-502(2), MCA ("private person making an arrest shall immediately notify the nearest available law enforcement agency or ... officer and give custody of the person" thereto), "does not authorize a private citizen ... to involve himself in an active law enforcement action." True. But nor does § 46-6-502(2), MCA, expressly or implicitly preclude a citizen's arrest when police are pursuing a suspect with intent to arrest but have yet to apprehend him or her under circumstances where, as here, it is uncertain that they will be able to do so. The Dissent erroneously relies on a clearly distinguishable case where the purported private citizen (i.e., out-of-jurisdiction police officer) exceeded any citizen arrest authority by continuing with field sobriety testing of a stopped suspect in custody after local police had arrived and were standing by. In stark contrast, the pursuing police in this case were hardly "at the scene" when Parsons stopped the fleeing motorcyclist-they were still chasing and had yet to catch him. If the Legislature is inclined to limit the citizen's arrest authority to better conform to the demands, concerns, or preferences of modern law enforcement, it is certainly free to do so. In the meantime, we must simply construe § 46-6-502, MCA, as clearly and unequivocally written.
¶19 Trial courts have broad discretion in formulating jury instructions which we will affirm as long the instructions as a whole fully, correctly, and fairly instruct the jury on the applicable law. State v. Erickson , 2014 MT 304, ¶¶ 21, 35, 377 Mont. 84, 338 P.3d 598 ; State v. Robbins , 1998 MT 297, ¶ 36, 292 Mont. 23, 971 P.2d 359, overruled on other grounds by State v. LaMere , 2000 MT 45, ¶¶ 25, 61, 298 Mont. 358, 2 P.3d 204. Trial courts must accordingly instruct the jury on all materially relevant theories and issues supported by the evidence. Erickson , ¶ 35 ; Kaarma , ¶ 23 ; State v. Johnson , 1998 MT 289, ¶ 35, 291 Mont. 501, 969 P.2d 925 ; State v. Grant , 221 Mont. 122, 131-32, 717 P.2d 562, 569 (1986). See also Billings Leasing Co. v. Payne , 176 Mont. 217, 225, 577 P.2d 386, 391 (1978) (trial court duty to "fully and ***95 correctly" instruct jury on "applicable law" to "guide, direct, and assist" in "an intelligent understanding of the legal and factual issues involved in their search for truth" (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure : Civil § 2556 (1971) )). On the record in this case, Parsons's asserted authority and intent to make a citizen's arrest to aid law enforcement in the apprehension of the fleeing motorcyclist would have been a materially relevant factual consideration, inter alia , as to whether he acted in negligent, willful, or wanton disregard of the safety of others beyond a reasonable doubt as alleged. His defense theory was thus legally and factually sufficient for jury consideration as to whether the State proved the essential elements of the charged offenses beyond a reasonable doubt. For that purpose, we hold that the Municipal Court erroneously precluded evidence, jury instruction, and argument on § 46-6-502(1), MCA.[7]
CONCLUSION
¶20 In contrast to an affirmative defense or assertion of immunity from criminal liability, Parsons's asserted authority and intent to make a citizen's arrest were factual considerations materially relevant on the record in *717 this case to whether he acted in negligent, willful, or wanton disregard for the safety of others beyond a reasonable doubt as alleged by the State. We hold that the Municipal Court erroneously precluded evidence, jury instruction, and argument on Parsons's authority to make a citizen's arrest under § 46-6-502(1), MCA.
¶21 Reversed and remanded for a new trial.
We concur:
LAURIE McKINNON, J.
INGRID GUSTAFSON, J.
LUKE BERGER, J.
District Court Judge Luke Berger
Sitting for Justice Jim Rice

The City of Helena Municipal Court is a court of record as defined by § 3-6-101(1), MCA.

As distinct from criminal negligence, simple or ordinary negligence is the failure to use reasonable care under the circumstances (i.e., the degree of care that a reasonable and prudent person would use under similar circumstances) to avoid injury to persons or property. See Fisher v. Swift Transp. Co., Inc. , 2008 MT 105, ¶ 16, 342 Mont. 335, 181 P.3d 601. See also §§ 1-1-204(4), 27-1-701, and 28-1-201, MCA (1895 Field Code formulations of common law negligence).

See also 4 William Blackstone, Commentaries *376 (private arrest authority at common law).

Nor has the State asserted that, but for § 46-5-502, MCA, law enforcement would have no authority to temporarily block a road to effect an arrest under these or similar circumstances.

Other than cursory assertion of a non-specific risk to public safety, the State cites no record evidence on appeal indicating that Parsons's conduct caused any scene-specific particularized risk to third-parties in the vicinity. If such evidence in fact exists, it is merely another factual matter for jury consideration in the totality of the circumstances.

While, as here, the authority and intent to make a citizen's arrest may be a relevant factual consideration, to the sufficiency of the State's proof of the essential elements of a charged offense in a particular case, we emphasize that nothing in our analysis or ultimate holding suggests that the authority to make a citizen's arrest provides or implies either a right to interfere or intervene in official law enforcement operations or immunity from criminal liability for independently defined criminal offenses such as, for example, obstructing a peace officer (§ 45-7-302, MCA ), obstructing justice (§ 45-7-303, MCA ), unlawful restraint (§ 45-5-301, MCA ), or kidnapping (§ 45-5-302, MCA ).

In so holding, and upon due consideration of the Municipal Court record, we summarily reject the State's additional assertion that Parsons procedurally waived his right to appeal the matters addressed herein by failing to sufficiently preserve them on the record below.