

DA 07-0204

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 354

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROBERT G. FARMER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DC 06-37
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Louis C. Villemez; Office of the Public Defender, Cut Bank, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General; J. Stuart Segrest,
Assistant Attorney General, Helena, Montana

          Larry D. Epstein, Glacier County Attorney; Carolyn Brown,
Deputy County Attorney, Cut Bank, Montana

Submitted on Briefs:  April 2, 2008

Decided:  October 21, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Robert G. Farmer (Farmer) appeals from the judgment entered by the Ninth Judicial District Court, Glacier County, on his conviction for allowing his motor vehicle to be operated without liability insurance in violation of § 61-6-301, MCA.  We reverse and remand to the District Court with instructions to vacate the judgment and dismiss the charge.

¶2     The sole issue on appeal is whether the District Court erred in denying Farmer's motion to dismiss for insufficient evidence.

## BACKGROUND

¶3     On July 1, 2006, Glacier County Sheriff's Deputy Jason Abbott (Abbott) initiated a traffic stop of a vehicle based on his observation that the vehicle did not have taillights. Abbott approached the vehicle and requested the driver—identified as Ellen Horn (Horn), who was Farmer's girlfriend—to produce her driver's license and proof of registration.  Horn was unable to produce either document.  Abbott also requested Horn produce proof of liability insurance on the vehicle, which she also was unable to produce.  Abbott then contacted dispatch to run a check on the license plate number of the vehicle and dispatch informed him that the vehicle was registered to Farmer.  At the time of the traffic stop, Farmer was seated in the vehicle's front passenger seat next to Horn.  Farmer also did not produce proof of liability insurance for the vehicle.  The traffic stop culminated in Abbott arresting Horn for driving under the influence of alcohol and failure to provide proof of liability insurance in violation of § 61-6-302, MCA.  Farmer received a citation for failure to carry valid liability insurance on his vehicle in violation of § 61-6-301, MCA.

2

¶4　Farmer, representing himself, appeared in Glacier County Justice Court for a bench trial on the charge of failure to carry valid liability insurance. The Justice Court entered its findings of fact, conclusions of law and judgment finding Farmer guilty of the offense. Farmer appealed his conviction to the District Court, which appointed counsel to represent him. The case proceeded to a bench trial before the District Court at which Abbott was the only witness to testify. At the close of the State's case-in-chief, Farmer moved the District Court for a directed verdict, arguing that the State had failed to present evidence that his vehicle was not insured at the time of the traffic stop. The court reserved its ruling on the motion until it could further consider the issue. Farmer presented no evidence or testimony on his own behalf.

¶5　The District Court subsequently entered its findings of fact, conclusions of law and judgment in which it determined the State had presented sufficient evidence to convict Farmer under § 61-6-301, MCA, for allowing his vehicle to be operated without valid liability insurance and found Farmer guilty of that offense. The court then sentenced Farmer and entered judgment on the conviction and sentence. Farmer appeals.

### STANDARD OF REVIEW

¶6　As stated above, at the close of the State's case-in-chief, Farmer moved the District Court for a directed verdict based on insufficient evidence. We recently clarified that motions for "directed verdict" or "directed verdict of acquittal" are more appropriately entitled motions to dismiss for insufficient evidence. *State v. McWilliams*, 2008 MT 59, ¶ 36, 341 Mont. 517, ¶ 36, 178 P.3d 121, ¶ 36. Consequently, we deem Farmer's motion for

directed verdict to be a motion to dismiss for insufficient evidence, the denial of which we review de novo. *McWilliams*, ¶ 37.

## DISCUSSION

**¶7** ***Did the District Court err in denying Farmer's motion to dismiss for insufficient evidence?***

**¶8** Farmer was charged with violating § 61-6-301, MCA, for failing to carry valid liability insurance on his vehicle. Section 61-6-301(1)(a), MCA, provides, in pertinent part, that

> an owner of a motor vehicle that is registered and operated in Montana by the owner or with the owner's permission shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle . . . .

Here, it is undisputed that Farmer is the owner of the vehicle in question, the vehicle was registered in Montana and that Horn was operating the vehicle with Farmer's permission at the time of the traffic stop. Farmer contends, however, that the State failed to present evidence establishing that he did not provide liability insurance for the vehicle and, thus, failed to prove an element essential to establishing beyond a reasonable doubt that he violated § 61-6-301, MCA.

**¶9** At the bench trial in the District Court, Abbott testified that he requested the driver, Horn, to provide proof of insurance and she failed to do so. He further testified that Farmer was seated in the passenger seat next to Horn, observed the interaction between Horn and Abbott, and at no time made an effort to provide proof of insurance for the vehicle. Abbott did not state that he directly requested Farmer to provide such proof, but rather testified that

4

he "made a request to the driver and he [Farmer] was sitting right there, so I don't know if I made a direct request to him, but he was sitting right there when I asked for it." The State presented no other evidence—either direct or circumstantial—that Farmer did not have liability insurance for the vehicle at the time of the traffic stop.

¶10 The State contends that Abbott's testimony that Farmer did not produce proof of insurance at the time of the traffic stop is sufficient to establish his failure to insure the vehicle. The State cites § 61-6-302, MCA, and asserts that the statute imposed upon Farmer "a duty to prove, upon demand, that his vehicle was insured." In that regard, § 61-6-302(2), MCA, provides that

> [e]ach person shall carry in a motor vehicle being operated by the person an insurance card approved by the department but issued by the insurance carrier to the motor vehicle owner as proof of compliance with 61-6-301. A motor vehicle operator shall exhibit the insurance card upon demand of a justice of the peace, a city or municipal judge, a peace officer, a highway patrol officer, or a field deputy or inspector of the department. A person commits an offense under this subsection if the person fails to carry the insurance card in a motor vehicle or fails to exhibit the insurance card upon demand of a person specified in this subsection. However, a person charged with violating this subsection may not be convicted if the person produces in court or the office of the arresting officer proof of insurance valid at the time of arrest.

¶11 This statute places an obligation on the "operator" of a vehicle to present proof, upon request, that the vehicle is insured. The term "operator" is defined, for purposes of Title 61 of the Montana Code Annotated, as "a person who is in actual physical control of a motor vehicle." Section 61-1-101(45), MCA. It is undisputed here that Farmer was not the "operator" of the vehicle at the time of the traffic stop. Consequently, Farmer had no obligation pursuant to § 61-6-302, MCA, to provide proof of insurance. Nor does Farmer's

5

failure to present proof of insurance support a finding that such insurance did not exist at the time of the traffic stop.

¶12     The State argues, however, that § 61-6-302, MCA, must be viewed as an enforcement mechanism for § 61-6-301, MCA, because the only effective way to ascertain compliance with § -301 is to place a duty upon the vehicle owner to provide proof of insurance. The State asserts that the two statutes must be construed together in this manner in light of this Court's "duty to interpret individual sections of an act in such a manner as to ensure coordination with the other sections of the act." Thus, the State asserts that, although Farmer did not technically violate § 61-6-302, MCA, because he was not operating the vehicle, the statute still created an obligation on his part to provide proof of compliance with § 61-6-301, MCA.

¶13     We previously have stated our obligation to interpret individual statutes within a legislative act so as to ensure that those sections coordinate with each other. *See e.g. Zuazua v. Tibbles*, 2006 MT 342, ¶ 25, 335 Mont. 181, ¶ 25, 150 P.3d 361, ¶ 25. In doing so, however, we also must fulfill our obligation in interpreting statutes "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Sections 61-6-301 and -302, MCA, work together in attempting to ensure that motor vehicles operated on Montana's highways have valid liability insurance by requiring vehicle owners to provide liability insurance for the vehicle under § -301, and requiring vehicle operators to produce proof of such insurance upon request under § -302. Interpreting the statutes in the manner advocated

by the State would require us to either insert the term "owner" into § -302 or insert language requiring an owner to provide proof of insurance upon request into § -301. We may not do so.

¶14 While the State correctly observes that § 61-6-301, MCA, contains no express enforcement mechanism and points out the difficulties inherent in otherwise proving a vehicle owner's failure to provide liability insurance on a vehicle, it is within the Legislature's province, and in its discretion, to provide a method by which to enforce the statute, not this Court's. Under the plain language of the statutes, Farmer had no obligation as a passenger in the vehicle to produce proof that the vehicle was properly insured. Furthermore, as stated above, Farmer's failure to present proof of insurance simply does not support a finding that such insurance did not exist at the time of the traffic stop.

¶15 We conclude the State failed to present sufficient evidence to prove beyond a reasonable doubt that Farmer did not have valid liability insurance for his vehicle at the time of the traffic stop. Consequently, we further conclude the State failed to prove Farmer violated § 61-6-301, MCA. We hold, therefore, that the District Court erred in denying Farmer's motion to dismiss for insufficient evidence.

¶16 Reversed and remanded to the District Court with instructions to vacate the judgment and dismiss the charge.

/S/ KARLA M. GRAY

We concur:

7

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE