DA 07-0246

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 420

IN THE MATTER OF

J.D.N.,

     A Youth.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DJ 06-5
Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Terrence Lee Toavs, Attorney at Law, Wolf Point, Montana

    For Appellee:

    Hon. Mike McGrath, Montana Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

    Mike Weber, Richland County Attorney; T.R. Halvorson, Deputy County
Attorney, Sidney, Montana

Submitted on Briefs:  January 29, 2008

Decided:  December 16, 2008

Filed:

_____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 The Seventh Judicial District Youth Court, Richland County, found J.D.N. guilty of felony criminal mischief pursuant to § 45-6-101(3), MCA. It also declared him a delinquent youth, placed him on juvenile probation with conditions, and entered judgment. J.D.N. now appeals the Youth Court's determination that the offense was a felony. We reverse and remand for a new disposition.

¶2 We restate the issue as whether the Youth Court erred in determining J.D.N. committed the offense of felony criminal mischief as set forth in § 45-6-101(3), MCA.

**BACKGROUND**

¶3 Shortly after midnight on February 7, 2006, Alfred Anderson was driving home from work when he saw what he believed to be three young men trying to break into a vehicle belonging to Matthew Loomer. The young men retreated to another vehicle when they saw Anderson's car and immediately left the scene. Judging by the short time it took for them to flee, Anderson assumed a driver must have been waiting in the car. Anderson called 911 shortly thereafter.

¶4 Sidney Police Officer Steven Reidel was dispatched. During a brief investigation, Reidel determined the vehicle belonged to Matthew Loomer and notified the Loomer family of the damage. Based on conversation with the Loomers, Reidel's ongoing investigation focused on J.D.N. and three other young men.

¶5 One of the other young men implicated himself, J.D.N., and the others during questioning by the police. He testified at the adjudicatory hearing that the group damaged Loomer's vehicle because of an ongoing dispute with Matthew's brother, who was using the

car in Matthew's absence. They noticed the Loomer vehicle parked on the street while driving around town and stopped to damage it.

¶6    Dave Loomer, Matthew's father, testified he bought the 1988 Ford Thunderbird for his son a number of years earlier for $2,000. He had no estimate of its worth when it was damaged. Matthew Loomer testified the car became his when he paid off the loan, and later sold the car after it was damaged for $500. Jackie Washechek of 1st Choice Collision Center testified that repairing the vehicle would cost over $8,000.

¶7    At the conclusion of the adjudicatory hearing, the Youth Court found J.D.N. guilty of felony criminal mischief based, in part, on its determination that "the value of the car at the time it was damaged was at least $1,000." The court subsequently declared J.D.N. a delinquent youth and placed him on probation, with conditions, until his twenty-first birthday. J.D.N. appeals only from the felony designation made by the Youth Court pursuant to § 45-6-101(3), MCA.

## STANDARD OF REVIEW

¶8    As discussed further below, the issue in this case boils down to whether the Youth Court properly interpreted and applied § 45-6-101(3), MCA. The interpretation and construction of a statute is a matter of law, and we review de novo whether the trial court interpreted and applied a statute correctly. *See State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, ¶ 13, 195 P.3d 819, ¶ 13 (citation omitted).

## DISCUSSION

¶9    *Did the Youth Court err in determining that J.D.N. committed the offense of felony*

3

*criminal mischief pursuant to § 45-6-101(3), MCA?*

¶10    Before addressing the issue presented on appeal, we clarify certain matters. As indicated above, the present case is a Montana Youth Court Act case as provided in Title 41, Chapter 5, of the Montana Code Annotated. No adjudication by a youth court regarding the status of any youth may be deemed a criminal conviction. *See* § 41-5-106, MCA. Rather, if the evidence supports the commission of the offense contained in the petition alleging the youth to be a delinquent youth, a youth court may adjudicate a youth as a delinquent youth. *See* § 41-5-1502, MCA.

¶11    Here, the Youth Court purportedly "convicted" J.D.N. of felony criminal mischief. It then declared J.D.N. a delinquent youth, meaning in this case that he was a youth "who has committed an offense that, if committed by an adult, would constitute a criminal offense." *See* § 41-5-103(11)(a), MCA.

¶12    A person commits the offense of criminal mischief if the person knowingly or purposely injures, damages or destroys any property of another without consent. *See* § 45-6-101(1)(a), MCA. If the person commits the offense of criminal mischief and causes pecuniary loss in excess of $1,000, the offender shall be fined an amount not to exceed $50,000 or be imprisoned in the state prison for a term not to exceed 10 years, or both. Section 45-6-101(3), MCA. In other words, the offense of criminal mischief is a felony if it results in a "pecuniary loss in excess of $1,000."

¶13    As noted above, the Youth Court found at the close of the adjudicatory hearing that the vehicle's value was "at least $1,000." J.D.N. does not contest that finding. His argument

4

is that § 45-6-101(3), MCA, requires a finding of a loss "in excess of $1,000" to establish a felony criminal mischief offense, and the Youth Court's finding of a loss of "at least $1,000" is insufficient as a matter of law to meet that statutory requirement. We agree.

¶14 In construing a statute, our function is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA; *State v. Farmer*, 2008 MT 354, ¶ 13, 346 Mont. 335, ¶ 13, 195 P.3d 800, ¶ 13. A criminal mischief offense must cause pecuniary loss "in excess of $1,000" to constitute a felony. *See* § 45-6-101(3), MCA. The statute does not state the loss must be "equal to or in excess of $1,000." The Youth Court found that the car's value immediately before the offense was "at least $1,000." We conclude this finding is insufficient, as a matter of law, to support the Youth Court's legal conclusion that J.D.N. committed felony criminal mischief as defined in § 45-6-101(3), MCA.

¶15 The parties present arguments regarding the restitution awarded during the dispositional hearing. As contemplated in § 41-5-1511, MCA, the dispositional hearing is separate from, but held as soon as practicable after, the adjudicatory hearing. J.D.N. does not challenge the $1,000 restitution awarded in this case. Nor has either party established that the restitution has any bearing on whether J.D.N. committed a felony or misdemeanor offense. Thus, we decline to address these arguments.

¶16 Finally, J.D.N. asserts that, if we conclude--as we have--that the Youth Court erred in determining the offense was a felony rather than a misdemeanor, the appropriate disposition is to remand with instructions to dismiss the petition charging him as a delinquent youth. He

does not support his request for dismissal with any developed argument or authority, however, as required by M. R. App. P. 12(1)(f). We are not obligated to conduct legal research or develop legal analysis that might support an appellant's position. *State v. Torgerson*, 2008 MT 303, ¶ 36, 345 Mont. 532, ¶ 36, 192 P.3d 695, ¶ 36 (citations omitted). Therefore, we decline to address J.D.N.'s unsupported assertion regarding the appropriate disposition.

¶17     Having concluded the Youth Court erred in determining J.D.N. committed the offense of felony criminal mischief, we reverse the Youth Court's disposition of March 2, 2007, and remand for entry of a disposition upon a finding that J.D.N. committed an act that would be a misdemeanor if he were an adult.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON