FILED

08/23/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0569

DA 15-0569

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 206

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

SHAWNA MICHELLE DAVIS,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and For the County of Flathead, Cause No. DC-12-357D
                      Honorable David M. Ortley, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
                Attorney General, Helena, Montana

                Edward J. Corrigan, Flathead County Attorney, Caitlin Overland, Deputy
                County Attorney, Kalispell, Montana


                               Submitted on Briefs:  June 8, 2016

                                      Decided:  August 23, 2016


Filed:

                                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Shawna Davis appeals from the District Court's Opinion and Order affirming the Justice Court's denial of Davis's motion for judgment of acquittal. We affirm.

¶2     The issue on appeal is whether the District Court properly affirmed the Justice Court's decision denying Davis's motion to dismiss the criminal charge.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On May 12, 2012, Montana Highway Patrol Trooper Fetterhoff stopped Davis's vehicle on a public highway in Flathead County because she was speeding. Fetterhoff asked Davis for proof of insurance. Davis failed to provide any proof of insurance and stated "I don't have insurance." Trooper Fetterhoff gave Davis a citation for violating § 61-6-301(4), MCA, which prohibits operating a motor vehicle without liability insurance. Davis failed to appear at the Justice Court omnibus hearing and then failed to appear at the Justice Court bench trial on September 4, 2012.

¶4     At trial the State presented the testimony of Trooper Fetterhoff who described the traffic stop, Davis's failure to provide proof of insurance, and her statement that she had no insurance. After the State presented its case, Davis's attorney moved to dismiss the charge for insufficient evidence.[1] The Justice Court declined to do so and found Davis guilty of the charge. On September 20, 2012, Davis appealed the Justice Court

---

[1] Defense motions for a directed verdict or for acquittal are "more appropriately entitled motions to dismiss for insufficient evidence." *State v. Farmer*, 2008 MT 354, ¶ 6, 346 Mont. 335, 195 P.3d 800.

conviction to District Court. After briefing the District Court issued the Opinion and Order affirming the conviction.[2]

## STANDARD OF REVIEW

¶5 When a justice court decision is appealed, the district court functions as an intermediate appellate court and its review is confined to the record and issues of law. Sections 3-5-303 and 3-10-115, MCA; *State v. Luke*, 2014 MT 22, ¶ 9, 373 Mont. 398, 321 P.3d 70. On appeal of the district court's decision, this Court reviews the record independently, applying the clearly erroneous standard to the justice court's factual findings and reviewing discretionary rulings for abuse of discretion. *Luke*, ¶ 9.

¶6 This Court reviews a lower court's ruling on a motion to dismiss in a criminal case de novo, to determine whether the court's conclusions of law are correct. *State v. Kirn*, 2012 MT 69, ¶ 8, 364 Mont. 356, 274 P.3d 746.[3]

## DISCUSSION

¶7 *Issue: Whether the District Court properly affirmed the Justice Court's decision denying Davis's motion to dismiss the criminal charge for insufficient evidence.*

¶8 The State charged Davis with a violation of § 61-6-301(4), MCA, which makes it unlawful for a person to operate a motor vehicle "upon the ways of this state open to the public . . . without a valid policy of liability insurance . . . ." Davis argues that the Justice

---

[2] Briefing on Davis's appeal to the District Court was completed on January 14, 2013. Nothing else transpired in the appeal until the District Court's Opinion and Order issued July 28, 2015, some two and a half years later.

[3] We reject the State's contention that Davis failed to preserve the issue for review by failing to specifically object to Trooper Fetterhoff's testimony. Davis preserved the issue on appeal by moving to dismiss for insufficient evidence. *State v. McCarvey*, 2005 MT 308, ¶ 15, 329 Mont. 439, 124 P.3d 1131.

Court should have dismissed the charge because the State's only evidence was her statement to Trooper Fetterhoff that "I don't have insurance." Davis contends that her statement was a confession that could not be used to convict her because it was not corroborated by any other evidence. Montana law requires that a defendant's extrajudicial confession may not be admitted unless the prosecution introduces "independent evidence tending to establish the commission of the crime charged." Section 46-16-215, MCA.

¶9 The District Court determined that Davis's statement to Trooper Fetterhoff was not a confession, but was an admission that could be considered without corroborating evidence. The District Court relied upon the established distinction that a confession is a statement by the defendant that he committed the crime, while an admission is a statement by the defendant of some specific fact or facts that could tend to establish guilt or some element of the offense. We agree with the District Court. Montana Rule of Evidence 801(a) defines "statement" as any oral or written assertion. Statements made by a party-opponent and offered against that party are not hearsay and can be allowed into evidence as admissions. M. R. Evid. 801(2); *State v. Smith*, 276 Mont. 434, 441, 916 P.2d 773, 777 (1996).

¶10 The distinction between a confession and an admission is consistent with established Montana law. *State v. Hallam*, 175 Mont. 492, 503, 575 P.2d 55, 62 (1978) (a confession is an admission of the crime itself while an admission concerns only some specific fact that tends to establish guilt); *State v. Dupre*, 200 Mont. 165, 172, 650 P.2d 1381, 1384-85 (1982) (a confession is an acknowledgement of guilt after an offense, and

4

does not include a mere statement of an independent fact from which guilt may be inferred); *State v. Thompson*, 263 Mont. 17, 25, 865 P.2d 1125, 1130 (1993) (admission is an avowal of a fact or circumstance from which guilt may be inferred); *State v. Goltz*, 197 Mont. 361, 369, 642 P.2d 1079, 1084 (1982) (an admission may include a false exculpatory statement).

¶11 The assertion by Davis that she did not have insurance was an admission and not a confession. The statement pertained to an element of the offense (not having valid insurance) but it did not encompass the entire offense. As the District Court found, the other elements of the offense were operating a motor vehicle, and doing so upon a way of the state open to the public. Section 61-6-301(4), MCA. Since the statement was not a confession the requirements of corroboration applicable to a confession did not apply.

¶12 In this case the Justice Court heard Trooper Fetterhoff's testimony that Davis said "I don't have insurance." In addition the evidence showed that Davis did not produce evidence of insurance when asked to do so, and that she was operating a motor vehicle upon a way open to the public. These pieces of evidence, taken together, were sufficient to establish that Davis violated § 61-6-301(4), MCA. Davis's failure to produce evidence of insurance when asked is circumstantial evidence of guilt, which may be relied upon to prove a violation of the statute. *State v. Chaussee*, 2011 MT 203, ¶ 16, 361 Mont. 433, 259 P.3d 783.

**CONCLUSION**

¶13 There was sufficient evidence to convict Davis of the charged offense and we affirm the District Court.

5

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE