FILED

01/24/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0559

DA 16-0559

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 17N

DANIEL M. DURAM,

        Plaintiff and Appellant,

    v.

NOL GARRETT PLOEGER and
DEBBIE PLOEGER,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-16-285(B)
                Honorable Robert B Allison, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Daniel M. Duram (Self-Represented), Evergreen, Montana

        For Appellees:

                Grant S. Snell, Crowley Fleck PLLP, Kalispell, Montana

                        Submitted on Briefs:  December 14, 2016

                                Decided:  January 24, 2017

Filed:

                                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel Duram and others rented a Kalispell residence from Nol and Debbie Ploeger beginning July 1, 2012. Duram paid a security/pet deposit of $1,175.00. Duram and the other tenants vacated the premises in August 2015. The Ploegers conducted a move-out inspection and noted several items requiring additional cleaning or repair. The Ploegers undertook the necessary cleaning and repairs and withheld Duram's security deposit to cover some of the costs. Several weeks later, the Ploegers presented Duram with an itemized list of cleaning and repair expenses. After subtracting Duram's security deposit, the Ploegers presented Duram with a bill for $1,953.44.

¶3 Duram brought an action against the Ploegers in the Justice Court for Flathead County. He demanded a refund of his security and pet deposits and asserted harassment and extortion claims against the Ploegers. He claimed the values of his harassment and extortion claims were $2,925.00 and $2,900.00 respectively. The Ploegers, through their business entity Buffalo Rock Properties, LLP, counter-sued Duram for breach of contract and damage to property, and demanded the right to retain the security deposit. They

2

further requested the remaining costs for cleanup and repair plus prejudgment interest, costs, and attorney's fees.

¶4 Following a bench trial, the Justice Court ruled that the Ploegers forfeited their right to retain Duram's security deposit by failing to provide the itemized list of damages to Duram within 30 days as required by §§ 70-25-202 and -203, MCA. The court dismissed Duram's claims of extortion and harassment as being without merit and ruled that the Ploegers were entitled to recover a net judgment in the amount of $778.44. This amount is the difference between the Ploegers' demand for $1,953.44 and Duram's security deposits of $1,175.00. Lastly, the Justice Court awarded the Ploegers prejudgment interest on the net judgment and their request for attorney's fees and costs which amounted to $7,866.00 and $60.00 respectively.

¶5 Duram appealed the Justice Court's February 25, 2016 order to the Eleventh Judicial District Court, Flathead County. He argued that the Ploegers' failure to comply with § 70-25-201, MCA, precludes a damages recovery under § 70-24-422(5), MCA. He further asserted that the Justice Court erred in awarding the Ploegers' attorney's fees. On September 12, 2016, the District Court affirmed the Justice Court's ruling. Duram appeals. We affirm.

¶6 When a justice court decision is appealed, the district court functions as an intermediate appellate court and its review is confined to the record and issues of law. Sections 3-5-303 and 3-10-115, MCA. On appeal of the district court's decision, this Court reviews the record independently, applying the clearly erroneous standard to the justice court's factual findings and reviewing discretionary rulings for abuse of

3

discretion. *State v. Davis*, 2016 MT 206, ¶ 5, 384 Mont. 388, 378 P.3d 1192 (internal citation omitted).

¶7 We first address whether the Justice Court erred in concluding that the Ploegers wrongly retained Duram's security deposits.

¶8 Duram argues on appeal that § 70-25-201(3), MCA, requires a landlord to give a departing tenant 24 hours to perform any cleaning and repairing of the premises identified in the move-out inspection. He asserts that the Ploegers' embarked on cleaning and repairing without giving him the statutorily-required opportunity to do so. He claims that such a failure precludes the Ploegers from being able to collect any damages incurred for cleaning and repairing as authorized under § 70-24-422(5), MCA.

¶9 Section 70-25-201, MCA, sets forth under what circumstances a landlord may deduct money from a tenant's security deposit. Section 70-25-201(3) and (4), MCA, provides in relevant part:

> Additionally, cleaning charges may not be deducted until written notice has been given to the tenant. The notice must include the cleaning not accomplished by the tenant and the additional and type or types of cleaning that need to be done by the tenant to bring the premises back to its condition at the time of its renting. After the delivery of the notice, the tenant has 24 hours to complete the required cleaning. . . .
>     (4) A person may not deduct or withhold from the security deposit any amount for purposes other than those set forth in this section.

¶10 Section 70-24-422(5), MCA, provides, in relevant part: "Except as provided in this chapter, the landlord may recover actual damages and obtain injunctive relief for any noncompliance by the tenant with the rental agreement or 70-24-321."

4

¶11 It is undisputed that the Ploegers did not give Duram the 24-hour opportunity to clean and repair the residence after the move-out inspection identified the deficiencies. Moreover, and as determined by the Justice Court, the Ploegers failed to comply with § 70-25-202, MCA, which requires a landlord to provide a written list of damage and cleaning charges to a departing tenant within 30 days of surrender of the premises. The Ploegers provided such a list to Duram approximately 50 days after surrender of the premises. For these reasons, the Justice Court correctly concluded that the Ploegers forfeited the right to withhold Duram's security deposits and the District Court correctly affirmed.

¶12 We next address Duram's claim that the Ploegers' failure to comply with the requirements set forth in §§ 70-25-201 and -202, MCA, precludes the Ploegers from collecting any damages for cleaning or repairs to the premises.

¶13 Duram argues that not only did the $1,175.00 he paid at the time of rental constitute the "security deposit," but the entirety of the damages demanded by the Ploegers constitute the "security deposit." Duram relies on § 70-25-101(4), MCA, which defines "security deposit" as:

> [V]alue given, in money or its equivalent, to secure the payment of rent by the tenant under a leasehold agreement or to secure payment for damage to and cleaning of the leasehold premises. If a leasehold agreement or an agreement incident to a leasehold agreement requires the tenant or prospective tenant to provide or maintain in effect any deposit to the landlord for part or all of the term of the leasehold agreement, the deposit must be presumed to be a security deposit. A fee or charge for cleaning and damages, no matter how designated, is presumed to be a security deposit.

5

¶14 Duram provides no cases to support his interpretation of § 70-25-101(4), MCA, to preclude a landlord from collecting the amount of actual damages, including those that exceed the security deposit paid, nor could we find such a case. Moreover, § 70-25-201(1), MCA, specifically authorizes a landlord to "deduct from the security deposit a sum equal to the damage alleged to have been caused by the tenant . . . [as well as] other money owing to the landlord at the time of deduction, including . . . a sum for actual cleaning expenses, including a reasonable charge for the landlord's labor." Additionally, § 70-24-422(5), MCA (quoted in ¶ 10 above), expressly states that a "landlord may recover actual damages . . . for any noncompliance by the tenant with the rental agreement or 70-24-321." Section 70-24-321, MCA, sets forth the obligations of a tenant to maintain the rental property.

¶15 Lastly, Duram faults the Justice Court for citing to § 70-24-422(5), MCA, but excluding the prefatory language "Except as provided in this chapter." He claims that by excluding this introductory language, the court was "clearly attempting" to deny him "a fair appeal and trial." He claims that there are numerous "laws in the same chapter" as § 70-24-422(5), MCA, that clearly prevent the Ploegers from being awarded damages. However, the laws on which he relies are part of Chapter 25, not Chapter 24. Additionally, a review of the laws cited by Duram does not support his interpretation of the relevant statutes. Decidedly, there exists nothing in Chapter 24 that would alter the lower court's or this Court's interpretation of § 70-24-422(5), MCA, in a manner that would preclude the Ploegers from recovering their actual damages. For these reasons, we

affirm the Justice Court and the District Court's ruling that the Ploegers are entitled to recover $778.44 in actual damages.

¶16 While Duram requests that the Ploegers be required to pay their own attorney's fees and costs, he presents no argument on appeal to support this request. As required by M. R. App. P. 12, an appellant must identify his or her issues on appeal and must present an argument "with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on." Duram has not done so. It is well-established that this Court will grant pro se litigants a certain amount of latitude but that latitude cannot be so wide as to prejudice the other party. *State v. Passmore*, 2014 MT 249, ¶ 16, 376 Mont. 334, 334 P.3d 378. We simply cannot identify an issue for an appellant and present a legal argument on his or her behalf. For this reason, the Justice Court's award of attorney's fees and costs stands.

¶17 Lastly, Duram raises multiple issues on appeal that were not raised in the Justice Court or in his appeal to the District Court. We generally will not address an issue or new legal theory raised for the first time on appeal. To do so would be to "unfairly fault a trial court for failing to rule correctly on an issue that it was not asked to consider." *Ryffel Family P'ship v. Alpine Country Constr., Inc.*, 2016 MT 350, ¶ 24, 386 Mont. 165, ___ P.3d ___.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the Justice Court's findings were not clearly erroneous, and its interpretation and application of the relevant law was correct.

¶19    Affirmed.


                                        /S/ MICHAEL E WHEAT


We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE