FILED

07/11/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0742

DA 16-0742

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 171N

CURTIS HERSHBERGER,

> Plaintiff and Appellee,

v.

MICHAEL MARQUART,

> Defendant and Appellant.

APPEAL FROM:   District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV-16-72
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Michael Marquart (Self-Represented), Great Falls, Montana

> For Appellee:

> Curtis Hershberger (Self-Represented), Denton, Montana

Submitted on Briefs:  May 31, 2017

Decided:  July 11, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Michael Marquart (Marquart) appeals from the order and judgment entered by the Tenth Judicial District Court, Fergus County, affirming the Justice Court's judgment in favor of Curtis Hershberger (Hershberger).

¶3    In September 2015, Hershberger purchased a residence located at 1003 Main Avenue in Denton, Montana. Marquart had entered into a rental agreement with the previous owner in April 2015, and was residing on the property when Hershberger took ownership. On October 2, 2015, Hershberger mailed a certified letter to Marquart, outlining his proposed terms for a new rental agreement. Marquart refused to pick up the letter, leading Hershberger to post the letter on the front door of the residence. Hershberger's letter stated that if Marquart failed to agree to the terms of the proposed agreement within three days, a prior eviction notice would be exercised. Marquart acknowledged receipt of the proposed agreement and notice and continued to occupy the residence, but did not pay the requested $500 rental deposit or $350 monthly rent. He further refused to sign the rental agreement or pay the water bill, which was in his name. Marquart did send Hershberger a check for $300, which Hershberger did not deposit.

2

Despite nonpayment and the lack of a rental agreement, Hershberger allowed Marquart to occupy the residence during the winter of 2015 and spring of 2016.

¶4 At some point during his occupancy and possession of the property, Marquart changed the locks to the residence without Hershberger's approval. Marquart refused to provide Hershberger with new keys to the residence. He further refused to allow Hershberger to inspect the property. In March 2016, Hershberger entered the residence without a key after sending Marquart a written notice that he intended to enter the residence for an inspection. Marquart, who had been arrested on February 20, 2016, on felony criminal charges, had not occupied the residence for twenty or thirty days due to his incarceration. Hershberger also received a notice from the Town of Denton threatening to disconnect water to the residence if Marquart's delinquent water bill was left unpaid. Hershberger paid the Town of Denton $592.20 for Marquart's outstanding water bills and late fees.

¶5 On May 12, 2016, Hershberger delivered a notice to Marquart, demanding he move out of the residence within thirty days. Marquart refused to vacate and, on August 8, 2016, Hershberger filed a complaint for Act of Possession and unpaid rent. Marquart answered and asserted in his counterclaim that, under the Landlord-Tenant Act: 1) in lieu of rent, he made necessary repairs and maintained the property because Hershberger failed to do so; and 2) he was not required to pay the water bill he had incurred because Hershberger was required by law to provide essential services to the residence. Following a hearing, the Justice Court ruled that no rental agreement existed between the parties and that Hershberger entered the residence reasonably, lawfully, and within his

3

rights as a property owner to inspect his premises. The court dismissed Marquart's remaining claims as being without merit and ruled that Hershberger was entitled to recover a judgment in the amount of $592.20 as reimbursement for Marquart's unpaid water bill. The court also awarded Hershberger $100 in court costs and ordered Marquart to vacate and surrender the property to Hershberger.

¶6 Marquart appealed the Justice Court's September 6, 2016 judgment to the Tenth Judicial District Court, making the same objections he had made to the Justice Court. On November 23, 2016, the District Court issued its order affirming the Justice Court's judgment and, on December 8, 2016, further denied Marquart's motion to alter or amend the judgment. We affirm.

¶7 Upon Marquart's appeal from the Justice Court, the District Court functioned effectively as an intermediate appellate court. *See* §§ 3-5-303, 3-10-115, MCA. On appeal of a district court's decision, this Court reviews the record independently, applying the clearly erroneous standard to the justice court's factual findings and reviewing discretionary rulings for abuse of discretion. *State v. Davis*, 2016 MT 206, ¶ 5, 384 Mont. 388, 378 P.3d 1192 (internal citation omitted).

¶8 Marquart first asserts that there was a rental agreement between the parties; however, the Justice Court concluded that no rental agreement existed and we agree. Under § 70-24-204(1)-(2), MCA, if a landlord or a tenant fails to sign and deliver a rental agreement to the other party, a written rental agreement does not exist. In this case, the record does not show that Hershberger or Marquart signed and delivered a rental agreement to the other party. Thus, no written rental agreement existed between the

4

parties. Additionally, the Justice Court found no evidence to suggest than an oral agreement had been executed between Hershberger and Marquart. *See* § 70-24-103(13), MCA (defining "rental agreement" as a valid written or oral agreement). For these reasons, the Justice Court correctly concluded that no rental agreement existed in this case and the District Court correctly affirmed.

¶9 Marquart next argues that the judgment entered against him was improper due to Hershberger's discrimination and unlawful retaliation against him, in violation of §§ 49-2-301 and -305, MCA. There is nothing in the record to support Marquart's discrimination claim; indeed, the October 2015 letter Marquart cites as proof of discrimination demonstrates that, in fact, Hershberger attempted to negotiate a rental agreement with Marquart, using standard, nondiscriminatory rental terms. Because we cannot identify a cognizable claim under §§ 49-2-301 and -305, MCA, we find no clear error in the Justice Court's order and judgment.

¶10 We note that the Justice Court addressed Marquart's counterclaims brought under the Montana Landlord-Tenant Act. However, as the Justice Court concluded, and the District Court affirmed, no landlord-tenant relationship existed between these parties. Therefore, we decline to address these issues as they are without merit.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of this Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. In the opinion of the Court, the

Justice Court's findings were not clearly erroneous, and its interpretation and application of the relevant law was correct.

¶12    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE