FILED

12/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0590

DA 19-0590

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 301N

APRIL ARMSTRONG, DAVID R. BARNHILL,
K. AMY PFEIFER, PEGGY PROBASCO, and
PATRICK QUINN,

        Petitioners and Appellees,

   v.

BOARD OF PERSONNEL APPEALS, MONTANA
DEPARTMENT OF ADMINISTRATION,
MONTANA DEPARTMENT OF PUBLIC HEALTH
AND HUMAN SERVICES,

        Respondents and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. DDV-2017-732
                    Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Timothy C. Fox, Montana Attorney General, Jeffrey M. Doud, Assistant
                Attorney General, Department of Justice Agency Legal Services Bureau,
                Helena, Montana

                Matthew R. Mitchell, Special Assistant Attorney General, Montana
                Department of Administration, Helena, Montana

        For Appellees:

                 Linda M. Deola, Morrison Sherwood Wilson & Deola, PLLP, Helena,
                Montana

Submitted on Briefs:  October 28, 2020

Decided:  December 1, 2020

Filed:

_____
Clerk

2

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2 The Montana Department of Administration, State Human Resource Division and the Department of Public Health and Human Services (Department), appeal from the order entered by the First Judicial District Court, Lewis and Clark County, reversing the Board of Personnel Appeals (Board) and remanding the case to the Board with instructions to remand to a hearing officer for proper application of the factors within § 2-18-301(4), MCA (2015). We affirm, restating the issues as follows:

> *1. Did the District Court have jurisdiction to undertake review of the decision of the Board?*
>
> *2. Did the Board's adoption of the Hearing Officer's Second Recommended Order, which was predicated on a perceived directive from the Board, violate the due process rights of Appellees?*

¶3 April Armstrong, David R. Barnhill, K. Amy Pfeifer, Peggy Probasco, and Patrick Quinn (Appellees) are attorneys within the Child Support Enforcement Division (CSED) of the Department. The Department employed other attorneys in its Office of Legal Affairs (OLA). The CSED and OLA attorneys, other than those with managerial duties, were classified at Band 7 in the Broadband Classification and Pay Plan System, and shared an identical job code.

3

¶4 While the attorney positions in both offices shared a job code, they were assertedly differentiable. OLA attorneys worked in the director's office and had certain Band 8 level non-predominant duties. OLA attorneys were tasked with responding to requests from the director and aiding multiple Department divisions. These responsibilities required an ostensibly broader array of expertise for OLA attorneys.

¶5 Beginning in April 2011, Appellees individually made written and verbal requests of the Department of Public Health and Human Services seeking an explanation of the pay disparity, and sought pay parity among the attorneys in the two offices. The requests largely went unanswered. In January 2012, Appellees filed a complaint in District Court. However, because Appellees had failed to exhaust all available administrative remedies, the District Court dismissed and remanded the cause to the Board in July 2012. During the time the complaint was pending before the District Court, both Appellees and OLA attorneys received market pay adjustments pursuant to a directive from the Governor. Two of the individual Appellees, Barnhill and Quinn, received additional market pay increases that brought their salary up to 80% of the Department's adopted pay range. During the market adjustment process, the assistant human resource director for the Department of Public Health and Human Services recommended that the pay for OLA attorneys be approximately 5% higher than the rate of pay for CSED attorneys.

¶6 Appellees filed a Step I grievance in June 2014, ultimately requesting a hearing. The Board assigned a Hearing Officer, who conducted a three-day contested evidentiary

hearing from March 31 to April 2, 2015, after which the parties submitted proposed decisions and briefing.

¶7 In October 2015, the Hearing Officer held a telephone conference with the parties to discuss the relevance of *Mashek v. DPHHS*, Grievance No. 1-2013, Case No. 289-2013, which at that time was pending on appeal to this Court. At issue in *Mashek* was the interpretation of § 2-18-301(4), MCA, as related to compensation of union employees of the State. *See Mashek v. DPHHS*, 2016 MT 86, ¶ 3, 383 Mont. 168, 369 P.3d 348. The *Mashek* hearing officer had issued a recommended order holding that the claimants therein had been aggrieved by receiving pay that was not internally equitable. *Mashek*, ¶ 6. Upon review, the Board had rejected the recommended order, reasoning the claimants had no independent right to internally equitable pay, but, rather, internal equity was merely one factor to be considered, along with competitiveness and competency, during the collective bargaining process. *Mashek*, ¶ 6. Upon judicial review, the District Court had reversed the Board's order, agreeing with the hearing officer's initial conclusion that claimants were entitled to pay that was internally equitable with other employees of the same title and pay band. *Mashek*, ¶ 7.

¶8 The Hearing Officer in this case apparently relied on the district court's interpretation of the statute in *Mashek* in issuing his first Findings of Fact, Conclusions of Law, and Recommended Order (First Recommended Order) in February 2016. The First Recommended Order held the Appellees were aggrieved solely by receiving pay that was not internally equitable as compared to the other Band 7 attorneys within the Department,

and required that the average base pay for OLA attorneys could not exceed 105% of that of CSED attorneys, ostensibly in reliance of the 2012 recommendation of the Department's assistant human resource director. The order proposed a retroactive effective date of June 25, 2014, the date Appellees filed their Step I grievance.

¶9 Both parties submitted objections to the First Recommended Order and oral arguments were heard by the Board on September 16, 2016. However, in April 2016, this Court reversed the district court's decision in *Mashek*, on which the Hearing Officer had based his First Recommended Order. *Mashek v. DPHHS*, 2016 MT 86, 383 Mont. 168, 369 P.3d 348. We determined the pay factors in § 2-18-301(4), MCA—competency, internal equity, and competitiveness—did not constitute stand-alone rights but were instead factors to be considered and weighed equally against one another. *Mashek*, ¶¶ 12, 15. In response, the Board remanded the matter to the Hearing Officer to reconsider the issue in light of the *Mashek* holding (Order of Remand). In its deliberations, the Board noted that "it could play out that the hearing officer that applies [the three statutory factors] could send a recommended order back that" reached the same conclusion as the First Recommended Order. In the Order of Remand, the Board instructed the Hearing Officer to consider the "totality of circumstances in weighing all three factors" articulated in § 2-18-301(4), MCA, and to give "[p]roper regard . . . to the employer's decisions concerning pay disparities unless such decisions appear to be factually unsupported." The Appellees did not appeal the Board's Order of Remand.

¶10 In May 2017, the Hearing Officer issued a second Findings of Fact, Conclusions of Law, and Recommended Order (Second Recommended Order), reaching a determination that Appellees had not been aggrieved and were entitled to no backpay. The Hearing Officer expressed hostility toward the Board's Order of Remand, indicating he felt directed to credit evidence from the Department and produce an outcome favorable to the Department. Approximately one-half of the Second Recommended Order dealt with the Hearing Officer's concerns about the perceived directive from the Board.

¶11 Undertaking review of the Second Recommended Order upon objections, the Board expressed dismay regarding the Hearing Officer's perceptions of the remand order, but elected to proceed by adopting the Second Recommended Order's factual findings, legal conclusions, and ultimate recommendation, while deleting the disparaging discussion. The Board's Final Agency Decision was entered on August 25, 2017. On September 20, 2017, the Appellees timely petitioned for judicial review of the Board's Final Agency Decision, and the District Court received briefing and oral argument.

¶12 On August 12, 2019, the District Court reversed the Board's adoption of the Second Recommended Order and remanded to the Board with instructions to remand the matter back to a hearing officer to correctly apply all three § 2-18-301(4), MCA, factors in light of our decision in *Mashek*, and to consider whether "intervening administrative changes within DPHHS" impact the decision. The District Court reasoned the Board's action on the Hearing Officer's orders "substantially affected the rights of the [Appellees] to a fair and impartial hearing." The Department appeals.

7

¶13　A district court's review of an agency's findings is limited to a review of the record. Section 2-4-704(1), MCA. A district court may not substitute its judgment for that of the agency for determining weight of the evidence for questions of fact, but it may reverse or modify the agency decision if substantial rights have been prejudiced. Section 2-4-704(2), MCA. This standard of review applies not only to a district court's review of the agency's decision, but to our subsequent review of the district court's decision on appeal. *Blaine Cnty. v. Stricker*, 2017 MT 80, ¶ 16, 387 Mont. 202, 394 P.3d 159 (citing *In re Transfer of Ownership & Location of Mont. All-Alcoholic Bevs. License No. 02-401-1287-001*, 2007 MT 192, ¶ 6, 338 Mont. 363, 168 P.3d 68). "We review an order from a district court acting in an appellate capacity to determine whether the district court reached the correct conclusions under the appropriate standards of review." *Mashek*, ¶ 8 (citation omitted). This court exercises plenary review for constitutional questions. *State v. Stock*, 2011 MT 131, ¶ 16, 361 Mont. 1, 256 P.3d 899 (citing *State v. Norquay*, 2011 MT 34, ¶ 13, 359 Mont. 257, 248 P.3d 817). All other legal conclusions are questions of law subject to de novo review. *Dick Irvin Inc. v. State*, 2013 MT 272, ¶ 18, 372 Mont. 58, 310 P.3d 524 (citing *In re J.D.N.*, 2008 MT 420, ¶ 8, 347 Mont. 368, 199 P.3d 189).

¶14　As a threshold matter, the Department argues the District Court lacked jurisdiction over the Board's Order of Remand because the Appellees failed to timely appeal that order. Section 2-4-702(2)(a), MCA, requires that an aggrieved party file a petition in district court within 30 days of the final agency decision to preserve their right to appeal. The Department cites *Whitehall Wind, LLC v. Mont. PSC*, 2010 MT 2, 355 Mont. 15, 223 P.3d

907. There, Whitehall Wind argued the Public Service Commission could not appeal from a district court's order of remand because it was not yet a final order. *Whitehall Wind*, ¶ 17. We held the appeal was permissible, reasoning a district court's order of remand was a final order for purposes of appeal. *Whitehall Wind*, ¶ 18. However, that rationale does not apply equally to the remand order issued here by the Board. The language of the statute requires appeals to be brought "within 30 days after [] the *final written decision* of the agency[.]" Section 2-4-702(2)(a), MCA (emphasis added). When the Board remanded this matter to the Hearing Officer, the matter was still pending within the agency. A final agency decision was not rendered until the Board issued its "Final Agency Decision" following the Hearing Officer's Second Recommended Order. We conclude the District Court had jurisdiction to hear the matters raised in the petition for judicial review.

¶15 The Department next argues that the District Court "erred in its interpretation and conclusions about [the Board's] Order of Remand because nothing therein directed the hearing[] examiner how to weigh the evidence or to defer to DPHHS in any way." While there is merit to the Department's argument about the contents of the Order of Remand, which a disinterested reading of the Order confirms, our decision does not turn on whether the Board actually directed a particular outcome; rather, of import is that the Hearing Officer's determinations within the Second Recommended Order appear in all probability to be the result of a directive he perceived within the Board's Order of Remand—an inappropriate basis for decision. We must be mindful that "[n]o person shall . . . be deprived of life liberty, or property, without due process of law[.]" U.S. Const. amend. V.

9

This applies doubly to the State. U.S. Const. amend. XIV, § 1; Mont. Const. art. II, § 17. The protections of due process include the "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Connell v. Dep't of Soc. & Rehab. Servs., Child Support Enf't Div.*, 280 Mont. 491, 496, 930 P.2d 88, 91 (1997) (citing *Montana Power Co. v. Public Service Comm.*, 206 Mont. 359, 368, 671 P.2d 604, 609 (1983)). Implicit in this is the guarantee that the hearing proceed in a manner consistent with essential fairness, which at a minimum requires that "an administrative hearing [] constitute a fair trial, conducted in accordance with fundamental principles of fair play and applicable procedural standards established by law." *Connell*, 280 Mont. at 496, 930 P.2d at 91 (citation and internal quotation omitted). *See also Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (holding the appearance of bias and impropriety is sufficient to violate due process rights). We conclude that the apparent infringement upon Appellee's due process rights because of this unfortunate procedural misunderstanding must be addressed by another remand to a hearing officer.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶17 The District Court's remand order is affirmed.

/S/ JIM RICE

10

We concur:

/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA