No. 05-640

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 342

AMADOR F. ZUAZUA,

      Plaintiff,

   v.

TOM AND CAROL TIBBLES, Individually, and
d/b/a COLDWELL BANKER GATEWAY
REALTY, and PATTI STONE,

      Defendants.

CERTIFIED QUESTION FROM:

      The United States District Court for the District of Montana,
      Cause No. CV 03-176-M-DWM,
      Honorable Donald W. Molloy, Presiding Judge

COUNSEL OF RECORD:

      For Plaintiff:

      Patrick G. Frank (argued), Worden Thane P.C.,  Missoula, Montana

      For Defendants:

      Matthew K. Hutchison (argued) and Daniel W. Hileman,
      Kaufman, Vidal, Hileman & Ramlow, P.C., Kalispell, Montana

      For Amicus Curiae:

      James A. Bowditch and Thomas J. Leonard, Boone Karlberg, P.C.,
      Missoula, Montana (Mont. Association of Realtors®, Inc.)

Argued and Submitted:  October 4, 2006

Decided:  December 21, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     The plaintiff, Amador F. Zuazua, brought this action in the United States District Court for the District of Montana to recover damages, in part, for Defendants Tom and Carol Tibbles, Coldwell Banker Gateway Realty, and Patti Stone's failure to fulfill their duties to Zuazua under § 37-51-313(4), MCA.  Zuazua moved for partial summary judgment, alleging that § 37-51-313(4), MCA, precludes a buyer agent from simultaneously representing more than one buyer competing for the same property. Because the answer was determinative to the case and no appellate decision, constitutional provision, or statute clearly controls, the District Court certified a question and seven relevant, undisputed facts to this Court pursuant to M. R. App. P. 44(c).

¶2     We accepted the certified question which we restate[1] as:

¶3     Does a buyer agent breach his obligation to a buyer under § 37-51-313(4), MCA, when a buyer agent simultaneously represents more than one buyer competing for the same property?

¶4     Our answer is yes, a buyer agent breaches his obligation to a buyer under § 37-51-313(4), MCA, when a buyer agent simultaneously represents more than one buyer competing for the same property.

## CERTIFIED FACTS

¶5     1. Defendants Tom and Carol Tibbles are real estate brokers licensed and doing business in Montana as Coldwell Banker Gateway Realty (Coldwell Banker).

---

[1]Judge Molloy, in his order, recognizes that this Court, as the receiving court, may reformulate the certified question.

¶6   2. Defendant Patti Stone is a licensed real estate agent doing business in Montana, and for all purposes relative to the complaint, was employed by the Tibbleses as an agent and was acting within the course and scope of her agency. Tom and Carol Tibbles are therefore liable for the acts of Stone.

¶7   3. Plaintiff Amador F. Zuazua and Stone signed a "Relationships in Real Estate Transactions (Combined Explanation and Disclosure)" form on July 6, 2003, establishing Stone as Zuazua's buyer agent. The agency disclosure form included the language of § 37-51-313(4), MCA.

¶8   4. On July 8, 2003, Zuazua authorized Stone to extend an offer to buy real property commonly known as 2719 Kings Point Road, Polson, Montana. The initial offer was contained in a buy-sell agreement signed by Zuazua and Stone as Zuazua's agent.

¶9   5. Stone and Louis Moritzky signed a "Relationships in Real Estate Transactions (Combined Explanation and Disclosure)" form on July 12, 2003, establishing Stone as Moritzky's buyer agent. The form was identical to the one Stone and Zuazua had signed and it included the language of § 37-51-313(4), MCA.

¶10   6. On July 12, 2003, Moritzky authorized Stone to extend an offer to buy real property commonly known as 2719 Kings Point Road, Polson, Montana. The initial offer was contained in a buy-sell agreement signed by Moritzky and Stone as Moritzky's agent.

¶11   7. The seller testified in his deposition that he considered both offers and decided to accept the Moritzky offer.

3

## DISCUSSION

¶12 **Does a buyer agent breach his obligation to a buyer under § 37-51-313(4), MCA, when a buyer agent simultaneously represents more than one buyer competing for the same property?**

¶13 A. *Does § 37-51-313(4)(a), MCA, prohibit a buyer agent from representing competing buyers?*

¶14 Section 37-51-313, MCA, governs the relationship between brokers and buyers or sellers and is intended to replace other duties as described in state law or common law. Unfortunately, the statute is not a model of clarity.[2] Subpart (2) lists the obligations of a seller agent to the seller. Subpart (3) lists the obligations of a seller agent to the buyer. Subpart (4), the primary area of concern for the certified question, lists the obligations of a buyer agent to the buyer. Subpart (5) lists the obligations of a buyer agent to the seller. Subpart (6) lists the obligations of a statutory broker to a buyer or seller. Subpart (7) lists the obligations of a dual agent. Finally, the rest of § 37-51-313, MCA, deals with the length of the broker relationship.

¶15 Section 37-51-313(4), MCA, does not specifically say that a buyer agent may or may not represent multiple buyers—that is, there is no language in the statute which expressly prohibits a buyer agent from representing multiple buyers competing for the

---

[2]For example, while subpart 313(7)(a), which the dissent highlights, requires that a dual agent disclose *any* adverse material facts *regardless* of any confidentiality considerations, subpart 313(7)(b) lists confidential information that the dual agency *may not* disclose without written consent. Further, there is no language in subpart 313(7) to indicate that the limitations on disclosure in subpart 313(7)(b) are exceptions to the duty to disclose created in subpart 313(7)(a).

4

same property, or vice-a-versa. However, Zuazua argues that the language in § 37-51-313(4)(a), MCA, requiring a buyer agent to "act solely in the best interests of the buyer" is a clear statutory mandate that the buyer agent cannot represent more than one buyer competing for the same parcel of property at the same time. Zuazua's argument centers around the word "solely" which he takes to mean, essentially, "only," and the definition of "buyer" in § 37-51-102(5), MCA: "a person who is interested in acquiring an ownership interest in real property . . . ." Taken together, from Zuazua's perspective, § 37-51-313(4)(a), MCA, thus requires a buyer agent to act only for one person who is interested in acquiring property or, in other words, only one buyer.

¶16 Coldwell Banker, on the other hand, contends that § 37-51-313(4)(a), MCA, obligates the buyer agent to "act solely in the best interests" of the "class" of buyers, not specifically "a" buyer. Similarly, § 37-51-313(2)(a), MCA, according to Coldwell Banker, defines the obligations of the seller agent toward the "class" of sellers, and § 37-51-313(7), MCA, defines the dual agent, who represents both the "class" of buyers and the "class" of sellers.

¶17 Assuming that Coldwell Banker is correct in its assumption that § 37-51-313(4)(a), MCA, defines the buyer agent's duties toward the "class" of buyers, we nevertheless agree with Zuazua that subpart 313(4)(a) acts to limit the buyer agent to only representing one buyer concerning a particular piece of property at a particular time. More precisely, we find that the obligation imposed by § 37-51-313(4)(a), MCA, to "act solely in the *best interests* of the buyer" is breached when a buyer agent simultaneously

5

represents more than one buyer competing for the same property because the buyer agent is unable to act in the "best interests" of competing buyers due to inherent conflicts of interest (emphasis added).

¶18 A conflict of interest is created when the buyer agent simultaneously represents multiple-buyers for the same property in at least two ways. First, if the buyer agent is prevented from revealing confidential information (as Coldwell Banker claims is the case under § 37-51-313(4)(c)), then the buyer agent is prevented from revealing the most important piece of information she has to her buyers, i.e., the other buyer's competing bid. For example, assume a buyer agent represents buyer A and buyer B who, at the same time, wish to purchase property C. Buyer A submits a bid first, through the buyer agent, for $100,000. B then asks the buyer agent for advice concerning what B should bid for property C. Assuming no contingencies, B will only "win out" over A's bid if B bids more than $100,000. The buyer agent, however, is constrained from revealing the most vital piece of information that B needs to obtain the property, how much A has already bid, because A's bid price and terms are confidential. Even worse, the buyer agent, unlike a dual agent, is under no obligation to disclose the conflict of interest. *See* § 37-51-313(7)(a), MCA.

¶19 Second, using the same scenario presented above but assuming the buyer agent is allowed to inform buyer B of A's bid, then the buyer agent is in a position to drive up the price by pitting B against A, with the result that the buyer agent receives a higher

commission. Again, the buyer agent, unlike the dual agent, would not be obligated to disclose the conflict to either A or B.

¶20 Amicus curiae Montana Association of Realtors®, Inc. (MAR), however, contends that there is no inherent conflict. MAR, noting that a dual agent is required to "act solely in the best interests" of both buyer *and* seller, translates "solely in the best interests of the buyer" to mean that a buyer agent "may not act adversely to his or her principal's interests." MAR then cites to numerous out-of-state cases which it claims show that agents may represent competing principals without adversely effecting the principal's interests. Although the underlying cases all discuss multiple sellers, not buyers, MAR claims that the reasoning is even more persuasive in the multiple buyer context because a buyer agent's role is merely to find properties that fit a buyer's wishes and to relay the buyer's offer to the seller, with "little to no control over the end result."

¶21 Setting aside the fact that MAR's out-of-state authorities are distinguishable because they address multiple sellers rather than buyers, we disagree that acting "solely in the best interests of the buyer" is equivalent to not acting adversely to the principal's interest. To "not act adversely" is a passive obligation requiring that a buyer agent not do anything to harm the buyer. To "act solely in the best interests," however, is an active obligation requiring affirmative steps on the part of the buyer agent to achieve the goals of the buyer. The question is not, therefore, whether a buyer agent's facilitative role allows the buyer agent to represent competing buyers without acting "adversely" to either buyer's interest (although our conflict of interest examples above indicate that it would).

7

Rather, the proper question is whether a buyer agent representing competing buyers can, in an affirmative sense, act "solely in the best interests" of each of the buyers individually. As noted above, we conclude that, due to inherent conflicts of interest, a buyer agent cannot act solely in the best interests of competing buyers.

¶22 B. *Does the wording of § 37-51-313(4)(c), MCA, demonstrate clear legislative intent to allow a buyer agent to represent competing buyers?*

¶23 Coldwell Banker also argues that the language of § 37-51-313(4)(c), MCA, acknowledges that a buyer agent may represent competing buyers. Section 37-51-313(4)(c), MCA, obligates a buyer agent to "disclose all relevant and material information that concerns the real estate transaction and that is known to the buyer agent and not known or discoverable by the buyer, unless the information is subject to confidentiality arising from a prior or *existing agency relationship on the part of the buyer agent*" (emphasis added). According to Coldwell Banker, the buyer agent could only have received the confidential information referred to in § 37-51-313(4)(c), MCA, from another buyer because a "buyer agent," by definition, represents only the buyer-side of a transaction, and thus the legislature clearly contemplated a buyer agent representing competing buyers.

¶24 We conclude, however, that the "existing agency relationship" referred to in § 37-51-313(4)(c), MCA, refers to dual agency as described at § 37-51-313(7), MCA, because the obligations of a dual agent do not conflict with the obligation of a buyer agent under § 37-51-313(4)(a), MCA, to "act solely in the best interests of the buyer."

8

¶25    We have long recognized that "[i]t is our duty to interpret individual sections of an act in such a manner as to ensure coordination with the other sections of the act." *Howell v. State*, 263 Mont. 275, 286, 868 P.2d 568, 575 (1994) (citations omitted). Section 37-51-313(4)(c), MCA, first requires full disclosure of all relevant and material information to the buyer. Subpart 4(c) then uses the subordinating conjunction "unless" to signify an exception. The exception protects, from the full disclosure required in the first segment of subpart 4(c), confidential information obtained by the buyer agent arising from another agency relationship. At first glance, the exception seems to necessarily reference another buyer, because it is another agency relationship of the buyer agent, especially if "buyer agent" is limited by definition, as Coldwell Banker claims, to representing only the buyer-side. However, a "buyer agent" is defined as "a broker or salesperson who, pursuant to a written buyer broker agreement, is acting as the agent of the buyer." Section 37-51-102(6), MCA. Nothing in this definition limits the buyer agent to "only" representing the buyer-side of a transaction. In fact, "dual agent" is defined as "a broker or salesperson who, pursuant to a written listing agreement or *buyer broker agreement . . . . acts as the agent of both the *buyer* and seller . . . ." Section 37-51-102(10), MCA. A dual agent, therefore, acts as a buyer agent and a seller agent.

¶26    A dual agent, under § 37-51-313(7), MCA, is "obligated to a buyer in the same manner as a buyer agent under this section," subject to certain exceptions, listed in the section. Section 37-51-313, MCA, including subpart 4(c), thus speaks to *both* buyer agents (acting only as buyer agents) *and* dual agents. Further, the exceptions listed in

9

§ 37-51-313(7), MCA, specifically deal with disclosure of confidential information, requiring a dual agent to obtain consent before disclosing, for example, "the fact that the buyer is willing to pay more than the offered purchase price." Section 37-51-313(7)(b)(i), MCA. This fits succinctly into subpart 313(4)(c) where a dual agent, in his or her capacity as buyer agent, is required to disclose all material information, except for confidential information obtained from the dual agent's other existing agency relationship, the seller. Finally, reading subpart 313(4)(c) as referring to a dual agent and not to a buyer agent representing competing buyers provides more protection for the buyer, because subpart 313(7), unlike subpart 313(4), succinctly outlines for the dual agent the requirements of confidentiality, disclosure and consent in regards to representing competing principals.

¶27 Accordingly, we conclude that the language "existing agency relationship" in § 37-51-313(4)(c), MCA, references a dual agent's relationship with a seller. This interpretation coordinates § 37-51-313(4)(c), MCA, with § 37-51-313(4)(a), MCA, and Chapter 51 as a whole.

¶28 The dissent sees inconsistencies in the Court's interpretation. Any such inconsistencies, however, are rooted in the statutory scheme and are not of our making. For example, while § 37-51-313(4), MCA, clearly speaks to buyer agents, it also speaks to dual agents, because a dual agent "is obligated to a buyer in the same manner as a buyer agent under this section . . . ." Further, the inconsistencies the dissent finds between the obligations of a buyer agent under subpart 313(4)(c) and the obligations of a

10

dual agent under subpart 313(7) are the result of internal inconsistencies within subpart 313(7), as explained *supra*, at footnote 2.

¶29    Finally, in response to the dissent's claim that the reference to "prior" agency relationships in § 37-51-313(4)(c), MCA, prevents subpart 313(4)(c) from applying to dual agents,  we note that § 37-51-313, MCA, addresses real estate agents who often wear many hats.  An agent may one week represent a seller, the next a buyer, and the week after represent a different buyer and seller as a dual agent.  Thus, it is no surprise that § 37-51-313(4)(c), MCA, addresses confidentiality with respect to "prior" relationships as well as "existing" relationships.  Moreover, the opinion focuses on the reference to "existing" relationships because the certified question, our opinion in general, and our analysis of subpart 313(4)(c) is not concerned with "prior" agency relationships, but with whether a buyer agent may simultaneously represent competing buyers—in other words, with a buyer agent's "existing" relationships.

¶30    In the face of statutory inconsistencies, we have chosen an interpretation which honors the overriding policy stated in § 37-51-313(4)(a), MCA, that a buyer agent must "act solely in the best interests of the buyer," something the interpretation arrived at by the dissent would not accomplish.  The dissent does not address whether § 37-51-313(4)(a), MCA, precludes a buyer agent from representing competing buyers.  Instead, the dissent argues that § 37-51-313(4)(c), MCA, "demonstrates that the Legislature anticipated a buyer agent may represent more than one buyer," and therefore subpart 313(4)(c) acts to qualify the buyer agent's obligation to "act solely in the best interests of

11

the buyer." However, such a broad exception would not simply qualify the buyer agent's duty to "act solely in the best interests of the buyer," but swallow the rule entirely.

## CONCLUSION

¶31 We hold that a buyer agent breaches his obligation to a buyer under § 37-51-313(4), MCA, when a buyer agent simultaneously represents more than one buyer competing for the same property.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS

Justice Jim Rice dissenting.

¶32 By concluding that the language of § 37-51-313(4)(c), MCA, is referring to multiple relationships of a buyer agent only when the buyer agent is acting as a dual agent, and therefore, a buyer agent cannot represent more than one buyer, I believe the Court has misconstrued the statute and inserted its own preferred interpretation.

¶33 In delineating the obligations of a buyer agent to a buyer, the Legislature included the duty to disclose all relevant and material information concerning the real estate

12

transaction, but created a critical exception—"unless the information is subject to confidentiality arising from a prior or existing agency relationship on the part of the buyer agent." Section 37-51-313(4)(c), MCA. Coldwell Banker argues that this provision demonstrates that the Legislature anticipated a buyer agent may represent more than one buyer. The Court rejects this argument, concluding that the reference to other relationships "of the buyer agent" refers to only those situations in which a buyer agent is acting as a dual agent, that is, simultaneously representing both a buyer and a seller. For the following reasons, I believe the Court's conclusion is incorrect.

¶34 First, the Court's interpretation requires the conclusion that the Legislature listed within the buyer agent subsection duties which apply only to dual agents, even though the Legislature specified the duties for dual agents in its own subsection. Section 37-51-313(7), MCA. In interpreting a statute, we are to consider "the statute's text, language, structure, and object[,]" *S.L.H. v. State Compensation Mut. Ins. Fund*, 2000 MT 362, ¶ 16, 303 Mont. 364, ¶ 16, 15 P.3d 948, ¶ 16, but the Court here discards the clear structure of the statute. Although a dual agent takes on the obligations of a buyer agent to a buyer and of a seller agent to a seller pursuant to § 37-51-313(7), MCA, the Court eliminates the stand-alone confidentiality obligation of a buyer agent who is not a dual agent, even though this obligation is set forth within the buyer agent subsection.

¶35 In its statement that "the 'existing agency relationship' referred to in § 37-51-313(4)(c), MCA, refers to dual agency as described in § 37-51-313(7), MCA," *see* ¶ 24, the Court splices a critical phrase from its analysis. The statute actually reads that

13

confidential information need not be disclosed to the buyer "arising from *a prior or* existing agency relationship on the part of the buyer agent." (Emphasis added.) Thus, a buyer agent may not disclose information to his or her buyer arising from *either* a prior *or* an existing agency relationship. Though the Court posits that the term "existing relationship" is comparable to dual agency, the Legislature's use of the "prior relationship" concept demonstrates the statute is referring to something different. A dual agent "acts as the agent of both the buyer and seller with written authorization." Section 37-51-102(10), MCA. A dual agent thus represents a buyer and seller simultaneously. Such simultaneous representation is incompatible with the concept of a buyer agent's "prior" relationships and demonstrates that § 39-51-313(4)(c), MCA, cannot be referring exclusively to dual agency.

¶36 More broadly, the reference in § 37-51-313(4)(c), MCA, to "buyer agent" cannot mean "dual agent" because a buyer agent cannot act as a dual agent. At the moment an agent, through a disclosure process based upon "written authorization," becomes a dual agent, the agent is representing both a buyer and seller and no longer acting as a buyer agent. *See* § 37-51-102(10), MCA. This is further evident in a comparison of statutory duties. The duties owed to a buyer by a buyer agent are inconsistent with the duties owed to a buyer by a dual agent. Under § 37-51-313(4)(c), MCA, a buyer agent is prohibited from disclosing to the buyer "information subject to confidentiality arising from a prior or existing agency relationship on the part of the buyer agent." In contrast, a dual agent "has a duty to disclose to a buyer or seller any adverse material facts that are known to

14

the dual agent, *regardless of any confidentiality considerations*." Section 37-51-313(7)(a), MCA (emphasis added). The only exceptions to this duty are for those matters, listed in § 37-51-313(7)(b), MCA, which first require that the dual agent obtain written consent before disclosing them. Obviously, it is impossible to keep information from a prior relationship confidential while at the same time disclosing information "regardless of confidentiality considerations."

¶37 Moreover, the Court's errors appear to inevitably lead to a collision with the interpretation of the administering agency. As pointed out by Amicus Montana Association of Realtors®, Inc., the Board of Realty Regulation has adopted regulations which acknowledge that a buyer agent may represent more than one buyer within the same transaction:

> Licensees acting as listing agents shall not disclose the name of a person making an offer or the amount or terms of an offer to other persons interested in making offers except that this shall not prohibit the listing agent from disclosing that an offer has been made. *If a buyer broker has principals making offers on the same property, the buyer broker cannot tell a buyer the terms and provisions of the competing buyer's offer.*

M. Admin. R. 24.210.641(p) (emphasis added).

¶38 Finally, in ¶ 26, the Court states that § 37-51-313(4)(c), MCA, "speaks to *both* buyer agents (acting only as buyer agents) *and* dual agents." (Emphasis in the Court's opinion.) Here, the Court reverses itself. If, in any way, this provision speaks to buyer agents acting only as buyer agents—which is precisely Coldwell Banker's argument and the position of this dissent—then Defendant Stone, acting as a buyer agent and not a dual

15

agent, could properly represent more than one buyer, and she was merely prohibited from disclosing confidential information in doing so.

¶39    I would answer the question posed by the Federal Court as follows: "No, § 37-51-313(4), MCA, does not prohibit a buyer agent from simultaneously representing more than one buyer competing for the same property."  Thus, I dissent.

/S/ JIM RICE

Chief Justice Karla M. Gray and Justice Patricia O. Cotter concur in the dissent of Justice Rice.

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER