FILED

07/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0434

DA 21-0434

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 138

JODIE YOUNG,

      Plaintiff and Appellant,

  v.

ERA ADVANTAGE REALTY,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV-20-0121
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brian J. Miller, Morrison, Sherwood, Wilson, and Deola PLLP, Helena, Montana

      For Appellee:

          Brett P. Clark, Kristen Meredith, Crowley Fleck PLLP, Helena, Montana

Submitted on Briefs:  March 16, 2022

Decided:  July 12, 2022

Filed:

                       _____
                               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Jodie Young purchased a house in Great Falls, Montana, through ERA Advantage Realty, Inc. (Advantage).  Young later discovered that local zoning ordinances precluded her from enclosing her yard with a fence and that there was a mold problem in her basement.  Young sued Advantage for the alleged negligence of its brokers in failing to disclose these facts.  The District Court granted summary judgment to Advantage.  Young raises several claimed errors in the court's ruling.  Because we conclude that she could not establish that Advantage owed her a duty under the facts alleged, or that Advantage's conduct caused her damages, we find it unnecessary to address Young's additional arguments and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     In the summer of 2018, Young was looking for a house in Great Falls.  She engaged Jim Dea of Advantage as her real estate agent and executed a buyer broker agreement with Advantage.  Young informed Dea that she intended to enclose her yard with a tall fence for her service dog.  The buyer broker agreement stated, in part: "Buyers understand and acknowledge that Broker does not and cannot assure that any house and/or buildings will be satisfactory to Buyers in all respects . . . or that any property and/or improvements thereon that Buyers are considering purchasing or leasing comply with the current building and zoning codes."  Dea also provided Young a buyer due diligence checklist, which advised her, in part, to consult local building and zoning codes for any intended future improvements.  Dea later testified that he has some familiarity with zoning rules because

of his real estate experience, but he does not know all the rules and does not consider himself an expert.

¶3 In August 2018, Young made an offer on a house at 102 14th Street South, Great Falls (the Property). Patrick Parce had owned the Property before he died in 2016. Parce's daughter and representative of his estate (the Estate), Bernadine Wutzke, listed the property for sale, with her husband Russell Wutzke (Wutzke) acting as her real estate agent. Wutzke is a licensed real estate broker and listed the house with Advantage. The Estate accepted Young's offer. The documents it tendered with the Buy-Sell Agreement included an owner's property disclosure and a mold disclosure. The property disclosure advised Young that Parce had not occupied the Property since June 2016. It said nothing about any previous water damage on the Property. The portion of the property disclosure titled "BASEMENT: (Leakage, Flooding, Moisture or evidence of Water, and Fuel Tanks)" was left blank, indicating the absence of any such conditions in the basement. The mold disclosure stated: "The undersigned are not representing that a significant mold problem exists or does not exist on the property, as such a determination may only be made by a qualified inspector." Young executed these disclosure forms but claims that Dea "rushed her through the information."

¶4 Young hired Mike Anderegg as a property inspector. He advised that the north and west sides of the house had negative drainage and needed backfill and that there were moisture stains on the foundation—a common sign of water intrusion inside the house. The following day, Young proposed an amendment to the Buy-Sell Agreement providing

3

for remediation of the drainage issue, which the Estate accepted. But Young elected not to test the Property for mold.

¶5 Young's lender engaged Mark Fought to conduct an appraisal of the property. Fought's appraisal stated: "Drainage along the west side of the dwelling was negative . . . . Per the listing agent (who is a relative of the owner), no water has ever entered into the basement from the exterior during their ownership (38 years)." Wutzke denies making this statement or having any knowledge on which to base such an opinion. Young testified in her deposition that she was not aware of Wutzke's alleged representation to Fought until after she filed her complaint against Advantage. She stated that she did not read the lender's appraisal report, that she was not present during the conversation between Fought and Wutzke, and that Wutzke never made such a representation to her directly.

¶6 Young closed on the Property on September 19, 2018. She learned later that she could not erect a fence enclosing the yard due to setback requirements and height limitations for corner lots in Great Falls. The Great Falls zoning department allegedly informed Young that only ten feet of the perimeter could be fenced in and that the fence would have to be more than twenty-two feet back from the curb and only four feet high on the front side of the house. In addition, several months after Young took possession of the Property, she discovered flooding in the basement after a rainstorm. Young removed the wood paneling in the basement and discovered mold. Trent Short of Cooper Creek Construction inspected the basement after the paneling was removed. Based on his assessment of the mold and water damage, Short opined in his deposition that "water infiltration into the basement had been going on for quite some time and would have been

4

known to any occupant of the house or someone who was familiar with the history of water intrusion in the home."

¶7 Young alleged one count of negligence for failure to disclose the water damage and the zoning limitations for fences, one violation of the Montana Consumer Protection Act (MCPA) for failure to disclose the water damage, and one count of constructive fraud for failure to disclose the water damage. The District Court granted summary judgment to Advantage. It held that Young could not sustain her negligence and constructive fraud claims because she failed to submit notice of a real estate expert who could establish the standard of care applicable to real estate agents. The court also held that Advantage did not owe Young a duty to disclose information regarding the fence and did not breach a duty or cause damages to Young by failing to warn her of prior water intrusion.

## STANDARD OF REVIEW

¶8 We review a district court's grant of summary judgment de novo, applying the standards of M. R. Civ. P. 56. *Wagner v. MSE Tech. Applics., Inc.*, 2016 MT 215, ¶ 16, 384 Mont. 436, 383 P.3d 727. Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). We review a district court's conclusions of law de novo and its findings of fact for clear error. *Brookins v. Mote*, 2012 MT 283, ¶ 22, 367 Mont. 193, 292 P.3d 347. "Unsupported conclusory or speculative statements do not raise a genuine issue of material fact." *Abraham v. Nelson*, 2002 MT 94, ¶ 26, 309 Mont. 366, 46 P.3d 628 (citations omitted).

5

**DISCUSSION**

¶9 Young asserts that the District Court ignored the existence of genuine issues of material fact when it granted summary judgment to Advantage. Advantage counters that Young cannot establish the duty, breach, or causation elements of her claims as a matter of law.

¶10 Young's negligence and constructive fraud claims require proof that Advantage owed her a duty of care and breached it. A negligence claim requires a showing of duty, breach of that duty, and that the breach caused damages. *Dubiel v. Mont. DOT*, 2012 MT 35, ¶ 12, 364 Mont. 175, 272 P.3d 66. Similarly, "[c]onstructive fraud is a breach of duty" that "creates an advantage for the breaching party by misleading another person to that person's prejudice." *Morrow v. Bank of Am., N.A.*, 2014 MT 117, ¶ 62, 375 Mont. 38, 324 P.3d 1167 (citing § 28-2-406, MCA).

¶11 "As to real estate professionals, Montana law specifies in detail 'the duties [that] govern the relationships between brokers and salespersons and buyers or sellers[.]'" *Wagner*, ¶ 28 (quoting § 37-51-313(1), MCA). "Section 37-51-313, MCA, governs the relationship between brokers and buyers or sellers and is intended to replace other duties as described in state law or common law." *Zuazua v. Tibbles*, 2006 MT 342, ¶ 14, 335 Mont. 181, 150 P.3d 361. The statute prescribes specific duties for buyer agents and for seller agents.

***Claim Involving Buyer Agent's Duties***

¶12 A buyer agent is "a broker or salesperson who, pursuant to a written buyer broker agreement, is acting as the agent of the buyer in a real estate transaction[.]"

6

Section 37-51-102(6), MCA. It is undisputed that Dea was Young's buyer agent pursuant to the buyer broker agreement. The buyer agent must "act solely in the best interests of the buyer" and "disclose all relevant and material information that concerns the real estate transaction and that is known to the buyer agent and not known or discoverable by the buyer[.]" Section 37-51-313(4)(a), (c), MCA. The buyer agent also is obligated to "exercise reasonable care, skill, and diligence in pursuing the buyer's objectives and in complying with the terms established in the buyer broker agreement." Section 37-51-313(4)(e), MCA.

¶13 Young pleaded one claim of negligence based on Dea's failure to advise her of the height and setback requirements for fences on the Property. The District Court determined that this claim failed as a matter of law because Young could not establish that Dea owed her a duty to disclose this information under § 37-51-313(4)(c), MCA. Young raises two arguments on appeal: (1) Dea failed to disclose material information about the Property; and (2) Dea affirmatively misrepresented to Young that she could erect a fence on the Property.[1] Advantage contends that Dea did not have an obligation to disclose this information to Young because the zoning requirements were readily discoverable.

¶14 To prove that Advantage breached a buyer agent duty to disclose, Young must establish that Dea (1) had knowledge of (2) material information concerning the real estate transaction (3) that was not known to or discoverable by Young and (4) failed to disclose

---

[1] Advantage argues that Young waived the fence argument on appeal by not addressing it in her opening brief. Though it is underdeveloped and difficult to discern, Young does raise the argument in her opening brief, on pages 12, 18, and 33. That Young did not fully flesh out her argument until her reply brief does not mean that she waived it.

it. *See* § 37-51-313(4)(c), MCA. Because Dea knew that Young intended to erect a fence for her service dog, Young argues that the zoning ordinance was "material information" that Dea was obligated to disclose as a buyer agent. Assuming for purposes of the analysis that the zoning ordinance was "material information" and that, contrary to his deposition testimony, Dea had knowledge of the zoning codes that prevented Young from enclosing her yard with a fence, Young cannot establish the third requisite element. The zoning ordinances clearly were discoverable by Young as a matter of public record. Advantage specifically advised her to consult the codes prior to purchasing the Property. Young cannot establish, therefore, that Dea had a duty to disclose the zoning ordinances because that information was "known or discoverable by" Young. *See* § 37-51-313(4)(c), MCA.

¶15 Young argues next that Dea affirmatively misrepresented that she could erect a large enough fence to enclose her yard for her service dog. It is unclear which buyer agent duty in § 37-51-313(4), MCA, Dea purportedly breached when he made this alleged misrepresentation to Young because Young's briefs do not link Dea's conduct to any statute or to any elements of negligence. The statutes governing real estate professionals "are intended to *replace the duties of agents as provided elsewhere in state law and replace the common law as applied to these relationships*." *Wagner*, ¶ 28 (quoting § 37-51-313(1), MCA (emphasis added by *Wagner*)). To the extent that Young is raising a new theory of liability based on some other duty in § 37-51-313(4), MCA, she did not clearly argue this in her briefs, and she failed to raise it in the District Court. "It is not the job of this Court . . . to guess at [a party's] precise position[] or to develop legal analysis that may

8

lend support to that position." *Whitefish Credit Union v. Sherman*, 2012 MT 267, ¶ 16, 367 Mont. 103, 289 P.3d 174 (citation omitted).

¶16 Young cites *Dean v. Austin Mut. Ins. Co.* to argue that reasonableness is a question of fact for the factfinder, and therefore the District Court erred when it concluded that no reasonable juror could find that Young relied on Dea's statements about the fence when she purchased the Property. 263 Mont. 386, 389, 869 P.2d 256, 258 (1994). Absent any clearly articulated thesis statement, we are left to presume that Young's argument pertains to the causation element of her negligence claim—i.e., she alleges that it is disputed whether Young relied on Dea's misrepresentation about the fence despite having signed the buyer broker agreement, and therefore it is a question of fact whether her damages were caused by Dea's misrepresentation or by Young's failure to consult the relevant municipal ordinances.

¶17 Notwithstanding her causation argument, Young ignores the remainder of the District Court's findings on the fence issue. The District Court determined that there was no genuine issue of material fact that the zoning codes were discoverable by Young. This issue is dispositive because Young cannot prove that Dea owed her a duty to disclose the municipal ordinances or that Dea affirmatively misrepresented the zoning laws unless she can establish that they were not known or discoverable by her. *See* § 37-51-313(4)(c), MCA.

¶18 Advantage advised Young in the buyer broker agreement and in the buyer due diligence checklist that it could not assure her that any intended improvements would comply with building or zoning codes, and it encouraged her to consult municipal

9

ordinances independently. Young offered no evidence to contradict this, except her assertion that Dea told her she could erect a fence on the Property. Though this might raise a dispute of fact regarding Dea's representations to Young, it does not suggest that Dea had knowledge of the precise fence limitations on the Property or that Young could not have discovered the zoning rules. Young's negligence claim regarding the buyer agent's duties thus fails as a matter of law because she cannot establish that Dea owed her a duty to disclose information regarding local building or zoning codes. *See Fisch v. Mont. Rail Link, Inc.*, 2003 MT 76, ¶ 8, 315 Mont. 13, 67 P.3d 267 ("Summary judgment favoring a defendant is proper when the plaintiff fails to establish an element material to the negligence claim."). The District Court did not err when it found no genuine issue of material fact regarding Young's knowledge of, or her ability to discover, the relevant zoning rules. It correctly concluded on this basis that Young could not establish a breach of a buyer agent's duty as a matter of law.

***Claims Involving Seller Agent's Duties***

¶19 A seller agent is "a broker or salesperson who, pursuant to a written listing agreement, acts as the agent of a seller[.]" Section 37-51-102(22), MCA. The parties do not dispute that Wutzke was the seller agent. The seller agent must disclose to the buyer "any adverse material facts that concern the property and that are known to the seller agent, except that the seller agent is not required to inspect the property or verify any statements made by the seller." Section 37-51-313(3)(a), MCA. An adverse material fact is "a fact that should be recognized by a broker or salesperson as being of enough significance as to affect a person's decision to enter into a contract to buy or sell real property[.]"

10

Section 37-51-102(1)(a), MCA. It may be a fact that "materially affects the value, affects the structural integrity, or presents a documented health risk to occupants," or it may be a fact that "materially affects the buyer's ability or intent to perform the buyer's obligations under a proposed or existing contract." Section 37-51-102(1)(a)(i)-(ii), MCA.

¶20 Young's negligence and constructive fraud claims alleged that Wutzke breached the duties of a seller agent because he had personal knowledge of a history of water intrusion and leakage in the basement, which he failed to disclose. The District Court concluded that, as a matter of law, Young could not establish several elements of her claims. First, the court determined that Wutzke did not owe Young a duty to disclose the water intrusion under § 37-51-313(3)(a), MCA, because there was no genuine issue of material fact as to Wutzke's knowledge, or lack thereof, regarding previous water damage. The court concluded, second, that Wutzke's failure to disclose the water intrusion did not cause Young's damages because Young knew of possible water intrusion prior to closing: Anderegg's inspection reported signs of water intrusion in the home, and Fought's appraisal confirmed there was negative drainage along the west side of the home.

¶21 To prevail on her seller agent claims, Young must establish that Wutzke (1) had knowledge of (2) adverse material facts concerning the Property (3) that he failed to disclose. *See* § 37-51-313(3)(a), MCA. Young argues that the District Court erred because there is a genuine issue of material fact whether Wutzke knew of prior water intrusion on the Property. Young advances the following facts in support of this argument: (1) Short's opinion that "water infiltration into the basement had been going on for quite some time and would have been known to any occupant of the house or someone who was familiar

11

with the history of water intrusion in the home"; and (2) Wutzke's personal relationship with the previous owner.

¶22 These facts are not sufficient to raise a genuine issue of material fact. Regarding Short's opinion, Young submits no evidence that Wutzke was (a) an occupant of the house or (b) someone who was "familiar with the history of water intrusion in the home." Wutzke denied in his deposition any familiarity with the history of water intrusion in the home. He claimed he never lived on the Property and would have no foundation on which to base an opinion as to previous water intrusion. As the party opposing summary judgment, Young needed to submit evidence to contradict Wutzke's testimony in order to raise a triable issue of fact. "An absence of evidence simply cannot—under law or common sense—establish the existence of a genuine issue of material fact." *Saari v. Winter Sports*, 2003 MT 31, ¶ 17, 314 Mont. 212, 64 P.3d 1038 (emphasis omitted). She instead attempts to draw an inference from Wutzke's familial relation with the previous owner. Although we must view the evidence in the light most favorable to Young, an inference is not appropriate for summary judgment if it requires "a speculative leap." *See McVey v. USAA Cas. Ins. Co.*, 2013 MT 346, ¶ 32, 372 Mont. 511, 313 P.3d 191. The statute is quite specific that the seller agent's duty to disclose an adverse material fact regarding the property is limited to facts "that are known to the seller agent." Section 37-51-313(3)(a), MCA. Young offers nothing but unsupported suspicion. We cannot speculate that Wutzke knew of previous water intrusion on the Property. Nor was Wutzke obligated to inspect the property to verify statements made by the seller. *See* § 37-51-313(3)(a), MCA.

¶23 Because Young cannot establish by admissible evidence a genuine issue of material fact whether Wutzke knew of previous water intrusion, she cannot prove that Wutzke owed her a duty to disclose any information pertaining to the water damage or to the mold she eventually discovered. *See* § 37-51-313(3), MCA. *See also Woodahl v. Matthews*, 196 Mont. 445, 452, 639 P.2d 1165, 1169 (1982) ("[K]nowledge of a defect is necessary before the duty to disclose the defect exists.").

¶24 Young also has not shown a triable issue of fact whether Wutzke's conduct caused her damages. Though causation generally is a question of fact, "it may be determined as a matter of law where reasonable minds can reach only one conclusion regarding causation." *Wood v. Old Trapper Taxi*, 286 Mont. 18, 30, 952 P.2d 1375, 1383 (1997). Anderegg's home inspection put Young on notice of the negative drainage and the signs of water damage in the basement before she bought the Property. She recommended an amendment to the Buy-Sell Agreement to remediate the negative drainage and signed a mold disclosure acknowledgment. Whether Wutzke misrepresented the history of water intrusion to Fought, the lender's appraiser, does not raise a material fact question because Young admittedly was not aware of Wutzke's statement until well after she purchased the Property. From these facts, no reasonable minds could conclude that Wutzke's conduct was the but-for cause of Young's damages. Young cannot establish that Wutzke's conduct caused her damages, and her duty-based claims fail as a matter of law. *See Wood*, 286 Mont. at 30, 952 P.2d at 1383.

13

*Consumer Protection Act Claims*

¶25    The MCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"  Section 30-14-103, MCA.  An unfair trade practice is one that is "contrary to established public policy *and* which is either immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 19, 390 Mont. 12, 407 P.3d 692 (emphasis in original) (citation and quotation omitted).  A deceptive act is one "that is likely to mislead consumers."  *Rubin v. MasterCard Int'l, LLC*, 342 F. Supp. 2d 217, 220 (S.D.N.Y. 2004).[2]  "[F]alse representations as to the characteristics, use, or benefits of what is being sold" may constitute a deceptive act.  *WLW Realty Partners, LLC v. Cont'l Partners VIII, LLC*, 2015 MT 312, ¶ 32, 381 Mont. 333, 360 P.3d 1112 (citation omitted).  Neither an intent to deceive nor knowledge of a statement's falsity is required to establish a deceptive act or practice under the MCPA.  *WLW Realty Partners,* ¶ 33.

¶26    Young's MCPA claim pertains only to Wutzke's failure to disclose the history of water intrusion and damage in the basement of the Property.  Young alleges that Wutzke deceived her when he told the appraiser that "no water has ever entered into the basement" and that Wutzke knew or should have known of prior water intrusion based on his relation to the Property's former owner but failed to "accurately and honestly disclose that knowledge to . . . Young."  Because the MCPA reaches "more broadly" to "practice[s] contrary to 'established public policy,'" *Anderson*, ¶ 19, a claim under the MCPA does not

_____

[2] In construing § 30-14-103, MCA, we give "due consideration and weight . . . to the interpretations of the federal trade commission and the federal courts."  Section 30-14-104(1), MCA.

14

require proof of a legal duty or breach thereof. It does, however, require "proof that the alleged unfair or deceptive trade act or practice caused the complaining consumer to suffer an 'ascertainable' financial or property loss." *Anderson*, ¶ 22.

¶27 Young argues that Advantage violated the MCPA because Wutzke told Fought that "no water has ever entered into the basement" of the home. Young argues that this statement was deceptive and shows that Wutzke had knowledge of prior water damage. Young testified in her deposition, however, that she did not read the bank's appraisal report and did not know about Wutzke's statement until after she filed the lawsuit. She testified that Wutzke never made such a representation to her personally and that she was not present during the conversation between Wutzke and Fought. Wutzke's allegedly deceptive statement did not factor into her decision to purchase the property because she had no knowledge of it at the time. Because Young testified that she did not know about this representation until after she filed the complaint against Advantage, it could not have been the cause-in-fact of her damages. Young cannot establish that, but for Wutzke's allegedly deceptive statement to Fought, she would not have purchased the property or, alternatively, would have tested the property for mold. From these facts, reasonable minds can draw only one conclusion regarding causation: that, as a matter of law, Advantage's alleged deceptive act or practice could not have caused Young's damages in this case.

### Expert Testimony

¶28 Young takes issue with the District Court's conclusion that her claims failed as a matter of law because she had not disclosed a real estate expert. The court reasoned, as to Young's claims against Dea, "The exercise of reasonable care, skill and diligence by a

15

realtor on behalf of a client is outside the understanding of a layperson, as is a determination of what a realtor should understand to be 'relevant and material.'" As to the claims Young made against Wutzke, the District Court stated: "Whether a fact 'should be recognized by a broker or salesperson as being of enough significance' to affect a seller's decision to purchase real property is outside the understanding of a layperson, and therefore requires a qualified expert to address the issue."

¶29 Though a professional negligence claim generally requires expert testimony to establish breach of the applicable standard of care, "if the determination of professional negligence involves issues 'easily within the common experience and knowledge of lay jurors,' expert testimony may not be necessary." *Wagner*, ¶ 28 (quoting *Dulaney v. State Farm Fire and Cas.*, 2014 MT 127, ¶ 14, 375 Mont. 117, 324 P.3d 1211; M. R. Evid. 702). We recognized in *Wagner* that "when a plaintiff makes a claim of professional negligence against a real estate professional, expert testimony may or may not be required to explain the applicable statutory duty and whether that duty was breached." *Wagner*, ¶ 30. Young argues that none of her claims would be outside the understanding and common experience of a juror.

¶30 We conclude that it is unnecessary to examine the merits of the District Court's ruling on the expert requirement. Applying the statute's clear articulation of duties owed by buyer and seller agents, Young is unable—with or without an expert—to establish that either Dea or Wutzke owed her any such duties on the claims she made against them or that Advantage violated the MCPA. The District Court correctly concluded that Young could not, as a matter of law, establish that either breached a professional duty of care.

16

Because Young cannot establish that Advantage owed her a duty of care, which is dispositive, we decline to consider her remaining arguments on appeal.

## CONCLUSION

¶31 We conclude that the District Court correctly granted summary judgment to Advantage. Its Judgment in favor of Advantage is affirmed.

/S/ BETH BAKER

We Concur:
/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE